Chief Judge Desmond.
On this direct appeal (former Civ. Prac. Act, § 588, subd. 4) from Special Term, Supreme Court, appellant landlord questions that part only of the New York City Local Rent Control Law (Local Laws, 1962, No. 20 of City of New York; Administrative Code of City of New York, § Y41-5.0, subd. g) which provides for a rent increase if a landlord is earning less than 6% of the value of his property, “value” being defined as current assessed value in effect at the time the application is filed. As we know, the current State rent control laws, like all State rent control laws since 1951, use for this purpose not assessed value as such but “ equalized ” assessment values. In other words, this appellant says that its constitutional rights were infringed when it was not permitted to use as the valuation base the assessed value of its property as equalized and adjusted upward to or toward “ actual” value. Respondent City Rent and Rehabilitation Administrator asks dismissal for lack of a substantial constitutional question.
Because of a long series of controlling decisions appellant is unable to make any effective assertion that it is entitled to the use of any particular formula for determining value or fair return or, indeed, that it is entitled to the use of any particular equalization rate or an equalization rate determined in any particular way. The New York State statutes from 1957 to 1961 used 1954 equalization rates but in 1961 the Legislature discontinued such use and substituted a requirement that thereafter (under the State statute) assessed values would be adjusted in accordance with the most recent available equalization rates which meant in practice that from 1961 to 1962 the 1961 equalization figure was used but, because and after the passage of the 1962 act, State rent control went back to the 1954 equalization. All this is described and explained in Bucho Holding Co. v. Temporary State Housing Bent Comm. (11 N Y 2d 469). The *309 Bucho holding is most significant for present purposes since the Bucho opinion points out (p. 476) that going hack in 1962 to the 1954 equalization rate meant that in some parts of the State landlords would he benefited and elsewhere landlords would be hurt since equalization rates for the same type of property had between 1954 and 1962 gone down in some parts of the State and had gone up in others. We held in Bucho that this made no difference as to constitutionality of the State act. We said there (p. 477) that the fact that the 1954 equalization rates do not now reflect the full underassessment is unfortunate for the landlords in those areas but that the Legislature properly looked at the whole picture and that the effect on a particular landlord was of no constitutional significance. From the above it results that the landlord’s only argument here is that denial of equal protection of the laws results from the use of unequalized assessments in New York City and equalized assessments in those other parts of the State, such as Buffalo, where State rent control is in effect and where equalized assessments are used under State law. It is not and cannot be disputed that the Home Buie Article of the State Constitution (art. IX, § 12) makes valid the grant of authority by the State Legislature to the City of New York to enact a local rent control law the validity of which, the enabling statute says, is not to be affected by its differences from the State rent law (L. 1962, ch. 21, § 1, subd. 5).
Appellant is put to it to argue that its rights are defeated in two ways: first, that the only 11 value ” which it is allowed to use for rent increase purposes is the assessed value as fixed by the city and not subject to any attack by the property owner as being too low, and, second, that there is unconstitutional and unequal protection for New York City landlords in their inability under the local law to have the value base adjusted or equalized as is done elsewhere in the State. But there was nothing to prevent the State Legislature from recognizing that conditions in New York City are sufficiently different from other parts of the State so that a different value base formula may be used so long as that formula is not totally arbitrary and irrational. That the Legislature may validly recognize the differences in conditions between various parts of the State is illustrated by the fact that the State Legislature has elimi *310 nated various parts of the State (including cities like Albany) from any rent control at all.
In the early days of Federal rent control, the United States Supreme Court recognized that the Constitution does not require that each separate property be individually valued and held that it was not necessary to provide methods for fixing a fair rental value to each individual landlord — the Supreme Court held that, since separate fixation of reasonable rent, landlord by landlord, was impossible, a generally fair and equitable method of fixation on a class basis was adequate (Bowles v. Willingham, 321 U. S. 503, 516, 518). Appellant’s position here stands on the fallacy that an equalized assessment is necessarily closer to true value than assessed value alone. A footnote in Judge Fuld’s opinion in Bucho Holding Co. v. Temporary State Housing Rent Comm. (11 N Y 2d 469, supra) at the bottom of page 472 reminds us that an equalization rate “ does not purport to measure the ratio of assessed valuation to full value of any individual property.” We all know that equalization at most represents an average. An equalization rate of 50 means that by taking a certain number of properties in an area and comparing their assessments with what someone assumes to be their true value an average of 50% is arrived at, but being an average this figure is not accurate for any one particular property. On the other hand, an assessed valuation, while it may be and frequently is lower than true value (it may be higher in a given ease), is a value fixed for a particular property by public officials commanded by the State Real Property Tax Law (§ 306) to assess at full value. While the assessment of appellant’s property may not be equal to its true value the same may be said with equal force of the assessments outside New York City which, as we have held, are validly adjusted for rent control purposes by use of the 1954 equalization rate based on figures which are now more than 10 years old.
The order should be affirmed, with costs.