CHAUNCEY J. TARANTELLI et al., Appellants, v. TRIPP LAKE ESTATES. INC., Respondent. (Two Actions.) — GIBSON, P. J. Appeals from orders of

the Supreme Court which, upon an application treated by the parties as made for summary judgment, in actions for injunctive relief and damages, dismissed complaints predicated upon separate covenants in the same deed, one to "carry running water in a proper pipe or pipes" to the lot conveyed, and the other to "carry a pole and wire line properly installed for the transmission of electric current" to said lot. We consider, first, the action which involves the water covenant. That covenant was contained in a deed dated August 24, 1926, whereby Smith and Fox conveyed to Jones lands described as Lot 27 in the Tripp Lake subdivision. It is alleged, and not disputed, that after various intermediate conveyances plaintiffs became and are the "successors in interest" to Jones and that defendant is the "successor in interest" to Smith and Fox, as, of course, are plaintiffs. A prior action, seeking the same injunctive relief but not demanding damages, is pending between these same parties. Thus, it is the broader action that is before us; and it is obvious from (among other things) the manner of the submission at Special Term and here that the parties are content that the entire controversy be determined in the later action now before us; and, under all the circumstances, no useful purpose would be served by requiring or suggesting that the litigation proceed otherwise, as only the later action encompass all the claims asserted. Consequently, the dismissal at Special Term was in error, insofar as it was predicated on the pendency of the prior action. The additional basis of the decision in the water covenant case was also a mistaken one. Special Term found that the action is in trespass and barred by a three-year Statute of Limitations (Civ. Prac. Act, § 49); and that it is not, as contended by plaintiffs, an action to enforce the covenant, because, in the court's view, the complaint does not allege "that defendant derives its title to lands adjoining Lot 27 from Smith and Fox who were plaintiffs' remote grantors * * * [or] that the defendant has any obligation to furnish water to plaintiffs." The action was commenced in July, 1962. The complaint claims damages within the six-year limitation on account of the obstruction of the water line "from the fall of 1955 until July of 1957" and seeks, also, to enjoin defendant "from shutting off and refusing to supply water to the plaintiffs for use on their said premises without charge as provided in the covenant in the aforesaid deed". It is true, as the Special Term opinion indicates, that the complaint does not, in specific and exact words, allege an "obligation to furnish water" but it does set forth verbatim the language of the covenant, from which any such obligation would have to arise. Thus, the existence of the asserted obligation becomes a matter of construction, and while it may well be that upon a trial no obligation to supply water will be found, particularly if evidentiary effect can be given a purported stipulation of May 6, 1957 (although the copy in the record purports to be signed only by defendant's then attorney and not by plaintiffs or their attorney), nevertheless it cannot be held, at this juncture of the action and upon the record before us, that no such obligation exists. Further, the injunctive relief sought is not confined to the matter of supplying water but relates also to "shutting off" or obstructing its flow; and additional relief in the form of money damages is also demanded. As has been noted, Special Term stated, as the additional reason for its refusal to find this an action to enforce a covenant, that "plaintiffs do not allege that defendant derives its title to lands adjoining Lot 27 from Smith and Fox who were plaintiffs' remote grantors." It is alleged, however, that defendant is the "successor in interest" to Smith and Fox. Defendant's brief quotes a stipulation, to which it would in other respects have us assign evidentiary weight, made in a prior action and stating that, by virtue of a 1928 deed, defendant became and is the owner of the remaining lands within the

subdivision. It seems to be agreed, further, that Smith and Fox, or their successors, did construct a water line whereby water was supplied to Lot 27 until 1955 when defendant obstructed it for some period; plaintiffs claiming that the obstruction continued until July, 1957 but defendant asserting that plaintiffs "received whatever water supply there may have been available during 1956". In addition, defendant states in its brief that its premises adjoin Lot 27 and that its title is derived from Smith and Fox and rests on deeds given subsequent to the dates of the execution and recordation of plaintiffs' 1926 deed. Inasmuch as these essential basic facts, which Special Term considered should have been pleaded, but all of which were not, have now been incontrovertibly shown to exist, and inasmuch as the application under review is not addressed to the face of the complaint but is a motion for summary judgment, upon which the sufficiency of the complaint is not in issue (see *Perl man & Wortmann* v. *Yonkers Contr. Co.*, 12 A D 2d 599; 5 Carmody-Wait, New York Practice, § 18, p. 140), the application should have been denied; and it would be unjust, in any event, to dismiss upon the basis of a deficient pleading, without first affording plaintiffs the opportunity to move at Special Term to amend, should they be so advised. The complaint is also deficient in failing to allege all the grounds necessary to support an action for an injunction and so as to show: "(1) the violation of a right presently occurring, or threatened and imminent; (2) that plaintiff has no adequate remedy at law; and (3) that serious and irreparable injury will result if the injunction is not granted." (10 Carmody-Wait, New York Practice, § 105, p. 675.) Assuming *arguendo* the soundness of defendant's argument that the covenant is affirmative in nature, it does not necessarily follow that it is therefore unenforcible in an action against a subsequent grantee, as defendant contends. "The burden of affirmative covenants may be enforced against subsequent holders of the originally burdened land whenever it appears that (1) the original covenantor and covenantee intended such a result; (2) there has been a continuous succession of conveyances between the original covenantor and the party now sought to be burdened; and (3) the covenant touches or concerns the land to a substantial degree." (*Nicholson* v. *300 Broadway Realty Corp.*, 7 N Y 2d 240, 245; *Neponsit Prop. Owners' Assn.* v. *Emigrant Ind. Sav. Bank*, 278 N. Y. 248, 255, mot. for rearg. den. 278 N. Y. 704; *Kemp* v. *Owego Water Works*, 267 App. Div. 849.) The second of these elements should, in this case, be simply a matter of documentary proof and the first and third factors appear readily susceptible of exploration by the trier of the facts in the light of all the circumstances, including the physical facts of the subdivision and of Lot 27 as concerned available water and any acts tending to indicate the parties' practical construction. (See *Gould* v. *Partridge*, 52 App. Div. 40; *Harrison-Rye Realty Corp.* v. *New Rochelle Trust Co.*, 177 Misc. 776; 13 N. Y. Jur., Covenants and Restrictions, § 9, pp. 249–250; Clark, Real Covenants [2d ed., 1947], p. 99.) In respect of intent, it should be observed, also, that the omission of the word "assigns" from the phrase whereby the grantors covenanted "for themselves, their heirs, executors and administrators, *etc*." (emphasis supplied) is no longer conclusive to constitute the provision a personal covenant, not running with the land (*Gould* v. *Partridge*, 52 App. Div. 40, 44–45, *supra*; Restatement, Property [1944], §531, *Comment c*; § 544, *Comment c*; 13 N. Y. Jur., Covenants and Restrictions, § 20, p. 258) and, indeed, such a result would unreasonably "'exalt technical form over substance'". (*Nicholson* v. *300 Broadway Realty Corp.*, 7 N. Y 2d 240, 245, *supra*.) There seems no significant difference in result whether the provision of the deed be determined to be a covenant, running with the land, that the covenantors would cause water to be brought to the conveyed

premises or as an easement for the flowage of water through the pipes. (Restatement, Property, pp. 2897–2900, 3148–3150; 17 N. Y. Jur., Easements and Licenses, § 39, pp. 288–289; Walsh, History Anglo-American Law [2d ed.], p. 276; 4 Warren's Weed, New York Real Property, Restrictive Covenants, § 2.05, pp. 726–727; and see, as to covenants, *Equitable Life Assur. Soc.* v. *Brennan,* 148 N. Y. 661; *Holt* v. *Fleischman,* 75 App. Div. 593, 599–600; *Whistler* v. *Cole,* 81 Misc. 519, affd. 162 App. Div. 920; and, as to easements, *Ammirati* v. *Wire Forms,* 273 App. Div. 1010, affd. 298 N. Y. 697.) The second action is predicated upon the provision in the same deed that the grantors Smith and Fox and "their heirs, executors and administrators, etc. * * * will carry a pole and wire line properly installed for the transmission of electric current along the front or rear of said lots as soon as the Adirondack Power and Light Corporation string their distribution lines over their right of way on the Tripp Lake Property". The complaint alleges that the line erected in purported compliance with this provision was not properly installed and was insufficient and inadequate, that the utility company was willing to install a proper line but that defendant refused to grant to the utility a proper easement; whereupon the complaint demands money damages and further judgment enjoining defendant "from refusing to supply a pole and wire line properly installed * * * and requiring the defendant to carry a pole and wire line properly installed for transmission of an adequate supply of electric current". The problems and objections which beset the action on the water covenant exist in large measure in this action and our discussion of them need not be repeated. In this action, Special Term considered that by their complaint plaintiffs improperly seek an extended or enlarged easement but this does not necessarily follow and the supposed inadequacies of the line for the purposes intended and any other failures of compliance may be explored upon a trial. In this action, as in the other, plaintiffs may be able to supply the various deficiencies in their pleading by proper application at Special Term for permission to amend. Orders granting summary judgment reversed, on the law and the facts, and motions therefor denied, with $20 costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.