Habold E. Koreman, J.
This decision supersedes and corrects the decision herein dated August 8, 1973.
In this article 78 proceeding petitioner seeks an order of mandamus requiring respondent City of Troy to base the tax on petitioner's property on 60% of the assessed value of said property as said value appears on the assessment rolls of the city; requiring respondent School District of the city to base the school tax on petitioner’s property on 60% of the assessed value; requiring the city to determine in any year the amount petitioner has paid or is required to pay for taxes and assessments for that year to all taxing authorities and to bill petitioner for an amount by which $45,500 exceeds taxes paid or payable to any taxing authority for such year.
This controversy results from a certain agreement entered into between petitioner and the city, dated July 1,1970, to carry out the terms of a resolution adopted by City Council on June 4, 1970. In substance both the agreement and the resolution provide that the city exempts petitioner from local and municipal taxes and from such taxes as may be levied by or in behalf of any taxing jurisdiction as described in section 577 (subd. 1, par. [b]) of the Private Housing Finance Law of the State of New York, as amended, other than assessments for local improvements, 40% of the value of the property included in the project, provided, however, that in no event shall the tax liability of the project be less than $50,000 per year. (This minimum tax liability was thereafter adjusted to $45,500.) The city contends that it was the understanding and agreement between it and petitioner that the exemption was to be applied to the value of the completed project or construction cost and not to the assessed valuation. The city also takes the position that it is entitled to receive from, petitioner the full amount of $45,500 for taxes due the city under the agreement, and has billed petitioner in that amount for the year 1973. In its answer respondent School District seeks a declaration that it is not bound by the agreement between the city and petitioner; that such agreement constitutes an unconstitutional taking of its revenues or property, and that section 577 of the Private Housing Finance Law and the resolutions adopted thereunder are unconstitutionally applied to the School District. Consequently, the School District argues that it is entitled to receive payment of the taxes levied by it based on full assessment without the abatement or exemption provided for in the agreement. In the event that argument fails the School District seeks by way of cross claim against the city a declaration that it is entitled to *1080 recover retroactively and prospectively its fair proportionate share of the minimum tax collected by the city.
The State Legislature having found and determined that a seriously inadequate supply of safe and sanitary dwelling accommodations within the financial reach of families and persons of low income existed, enacted article XI of the Private Housing Finance Law. Having further found that the ordinary operations of private enterprise could not provide an adequate supply of such accommodations the Legislature provided for temporary financial and technical assistance to enable companies, such as petitioner, to participate more effectively in existing municipal, State and Federal assistance programs. The legislative act was also for the express purpose of co-ordinating activities aided under such programs with other public and private activities in order to provide the most effective and economical concentration of Federal, State, local and private efforts to increase the supply of housing accommodations for persons of low income. (Private Housing Finance Law, § 571.) There can be no question that the City Council adopted the resolution, and the agreement was entered into between petitioner and the city in order to accomplish the purposes of article XI of the Private Housing Finance Law. The statute (Private Housing Finance Law, § 577, subd. 1, par. [a]), the-resolution of the council and the agreement. with the city give expression to the same intent and purpose, namely, to exempt from local and municipal taxes to the extent of all or part of the value of the property included in the project. The plain meaning of value of the property upon which local and municipal taxes are based cannot be other than the assessed valuation of the property as it appears on the city’s assessment rolls. If any other “ value ” was intended to determine tax: liability it would have been a simple matter to so state in the statute as well as in the resolution and the agreement. The respondent School District is required by section 1302 of the Beal Property Tax Law, and it has so stipulated, to take the assessed valuation as it appears on the city’s tax assessment rolls and levy its school tax thereon. In arriving at petitioner’s tax liability in any given year, the resolution and the agreement state clearly that petitioner is exémpt from local and municipal taxes and from such taxes as may be levied by or in behalf of any taxing jurisdiction as described in section 577 (subd. 1, par. [b]) of the Private Housing Finance Law to the extent of 40% of the value of the property, and that in no event shall the tax liability of said project be less than $45,500 per year. Section 577 (subd. 1, par. [b]) states that *1081 where, as here, a municipality, acts on behalf of another taxing jurisdiction in assessing real property for the purpose of taxation or in levying taxes therefor, the action of the local legislative body of such municipality in granting tax exemption shall have the effect of exempting the property from local and municipal taxes including school taxes levied by or on behalf of both such taxing jurisdictions. The conclusion is inescapable, therefore, that the tax exemption or abatement granted by the city applies as well to the tax levied by the School District, and in no event shall the total tax liability of petitioner be less than $45,500 per year.
The court cannot agree with the contention of- respondent School District that it is not bound by the agreement between the city and petitioner. The constitutional issue raised by the School District is based on the lack of adequate notice to it of the resolution or agreement of 1970, which it alleges deprived it of an opportunity to be heard and to make other provision for raising its tax revenue. The School District has stipulated and conceded that it had actual knowledge of the resolution and agreement since the fall of 1972, and thus had ample opportunity to adjust its budget and finances accordingly. If any •constitutional defect as to notice existed originally, it was rectified by the resolution adopted by the council on May 16, 1972 which ratified and confirmed the resolution adopted June 4, 1970 authorizing the tax abatement. It should also be noted that no retroactive relief is sought by petitioner under the tax abatement agreement. Furthermore, since the School District must base the taxes levied by it on the city’s assessment rolls, it may not question the assessment so fixed by the city, nor the method of arriving at the assessed valuation, nor may it raise any valid objection to the granting of any exemption or abatement of taxes by the city. However, so much of the respondent School District’s cross claim against the city as seeks its fair proportionate share of the minimum tax retroactively and prospectively is granted.
The court concludes that petitioner is entitled to the relief sought in this proceeding in every respect. To hold otherwise would frustrate and render inoperative the declared legislative purpose in enacting article XI of the Private Housing Finance Law.