TROY TOWERS REDEVELOPMENT COMPANY, INC., Respondent, v CITY OF TROY et al., Appellants, and COUNTY OF RENSSELAER, Respondent.

Third Department, February 19, 1976

*Thomas V. Kenney, Jr.,* for City of Troy, appellant.

*George S. Lettko* for Enlarged School District of the City of Troy, appellant.

*Cooper, Erving & Savage (Prescott C. Sook* of counsel), for Troy Towers Redevelopment Company, Inc., respondent.

*Marvin I. Honig, County Attorney,* for County of Rensselaer, respondent.

KANE, J. Plaintiff, Troy Towers Redevelopment Company (hereinafter Troy Towers), is a limited profit redevelopment company created under article V of the Private Housing Finance Law of the State of New York and is engaged in the redevelopment and maintenance of an urban renewal project in Troy, New York. In September of 1969, Troy Towers acquired title to certain vacant land for the purpose of housing construction. It sought and received Federal Housing Administration approval of the project to insure mortgage financing; said approval being contingent upon obtaining tax relief from the City of Troy. Negotiations were entered into between Troy Towers and the city which resulted in a city resolution, dated September 4, 1969, providing that Troy

Towers pay "to the City of Troy a total amount of $31,500 annually in lieu of taxes against the rent and improvements comprising the property."

Pursuant to this resolution, and in lieu of taxes, Troy Towers has been paying the city the sum of $31,500 each year. The property, however, was reassessed in 1972 and taxes were thereafter levied against it by the city and its school district. Certain further payments, beyond the annual sum, were thus extracted from Troy Towers. This proceeding then ensued and, by order of the Supreme Court at Special Term, it was transferred to a Trial Term as an action to declare the assessments invalid. Basically, the city contended that the resolution of September 4, 1969 did not create a contract of exemption binding on the city and, alternatively, that even if a contract of exemption was found to exist, it applied only to buildings and improvements, not to land. The school district counterclaimed against Troy Towers and cross-claimed against the City of Troy and the County of Rensselaer. It sought a judgment declaring null and void the resolution of September 4, 1969; directing the reconstitution of Troy Towers' assessed valuation for each of the tax years 1972, 1973, 1974 and prospectively; awarding back taxes to the School District from Troy Towers and, in the alternative, directing the city to pay to the school district its share in the $31,500 payments made for the years 1972, 1973 and 1974.

The judgment of Trial Term ordered the city, county and school district to adjust their tax rolls to carry out the resolution of September 4, 1969; directed the city to accept $31,500 annually in lieu of taxes against the improvements and property in question; granted a refund of all amounts paid in excess of the annual sum; and ordered that the city pay the School District its share, retroactively and prospectively, of the annual payments of $31,500 made to the city.

We find no merit in the contentions urged by the appellants and affirm the judgment of Trial Term. It is argued that Troy Towers' sole remedy is an action under article 7 of the Real Property Tax Law. Such a proceeding is to review an erroneous assessment. This action, however, attacks the very jurisdiction of the taxing authorities, alleging not that the assessment is merely erroneous, but that it is illegal since the Troy Towers property was exempt pursuant to a resolution of the City Council. A declaratory judgment action is the proper vehicle to test the jurisdiction of the taxing authorities. An

assessment upon property that is exempt from taxation is a nullity, void from its inception *(Dunn & Bradstreet v City of New York,* 276 NY 198; *People ex rel. Erie R.R. Co. v State Tax Comm.,* 246 NY 322; *Matter of City of New York [Woodhaven Blvd.],* 260 App Div 659). Likewise, the Statute of Limitations presents no bar to this action for we are dealing with a contractual obligation, arising from the resolution of September 4, 1969, which is subject to the six-year limitation of CPLR 213 (subd 2).

The city's claim that it never entered into a valid contract with Troy Towers because no document was executed by its City Manager is equally without merit. The City Council is empowered by the City Charter to enact ordinances for the welfare of the people and there is no exclusive power vested in the City Manager to obligate or bind the City of Troy (Troy City Charter, §§ 2.22; 3.04, subd [h]). A reading of the resolution in its entirety clearly indicates an intention to provide a total exemption from taxation of both land and buildings upon payments made in lieu of taxes. These payments were, in fact, accepted by the city for a two-year period. We cannot accept the city's further contention that Troy Towers is not entitled to a refund since it voluntarily made payment in excess of $31,500 in 1972 and thereafter without protest and not under duress. The record clearly demonstrates that these amounts were not voluntarily paid. They were not even paid directly by Troy Towers, but by its mortgagee. Under all the circumstances, it is abundantly clear that the city was well aware that these payments were disputed and, accordingly, it knew, or should have known, that it ultimately might be required to return payments previously made in excess of the amount fixed by its resolution.

As to the position taken by the City School District, we agree that it is entitled to a fair and proportionate share of the payments made in lieu of taxes, both retroactively and prospectively *(Matter of District Three IUE Housing Development Fund Corp. v Buckley,* 74 Misc 2d 1078; Private Housing Finance Law, § 125, subd 1, par [c]). We find no merit, however, in its contention that in this action for declaratory judgment it is necessary for Troy Towers to present a verified claim pursuant to subdivision 1 of section 3813 of the Education Law *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371).

The judgment should be affirmed, with one bill of costs to respondent Troy Towers Redevelopment Company, Inc. against appellants.

HERLIHY, P.J., SWEENEY, KOREMAN and LARKIN, JJ., concur.

Judgment affirmed, with one bill of costs to respondent Troy Towers Redevelopment Company, Inc. against appellants.