Chief Judge Cooke
(dissenting). I respectfully dissent. There is no quarrel with the majority’s proposition that a taxpayer need not pursue the exclusive remedy provided in a tax statute challenged as unconstitutional. When that taxpayer elects to challenge the tax statute through a collateral plenary action, however, the procedural conditions precedent, which are not part of the allegedly invalid statute, must be satisfied.
The action here is for money had and received. It is an “action or special proceeding, for any cause whatever * * * relating to district property or property of schools * * * or claim against the district or any such school, or involving the rights or interests of any district or any such school” (Education Law, § 3813, subd 1). The statute admits of no distinction between claims involving factual disputes and those raising purely legal issues. Under the majority’s reasoning, the question whether section 3813 must be satisfied might not be answered until trial ends and it can be determined that there were no factual controversies. Of *272 course, it follows that school districts may have to undergo the substantial expense of trial preparation when the entire matter could have been summarily terminated at the outset. The unambiguous language of the statute obviates the need to consult legislative history. Moreover, when the Legislature wished to limit the scope of a notice-of-claim statute, it knew how to do so (see, e.g., General Municipal Law, § 50-e).
Matter of Troy Towers Redevelopment Co. v City of Troy (51 AD2d 173, affd on opn below 41 NY2d 816) is not to the contrary. That decision did not hold section 3813 inapplicable, but ruled that compliance was excused because the suit vindicated a public interest (51 AD2d, at p 176, citing Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371). That exception does not apply here (see Mills v County of Monroe, 59 NY2d 307).
Plaintiff failed to comply with the strictures specifically set forth in section 3813. Accordingly, the complaint should be dismissed.
Judges Jones, Wachtler and Meyer concur with Judge Simons; Chief Judge Cooke dissents and votes to reverse in a separate opinion; Judge Jasen taking no part.
Order affirmed, with costs, and question certified answered in the affirmative.