OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioners for a declaratory judgment pursuant to CPLR article 30 and article 7 of the Real Property Tax Law, declaring certain stipulations by and between PBS Developers and Coeymans Associates, predecessors in interest to the movants, and the responding taxing authorities, to be null, void and of no effect, and further, declaring that said prior stipulation and agreement does not constitute a bar to the proceedings herein initiated and perfected and in which issue has been joined.
Petitioners North Country Savings Bank (North Country) and Niagara County Savings Bank (Niagara County) have commenced certain actions for review and reduction of real property assessments fixed on property which said petitioners control as mortgagees in possession known as *503 Plaza del Sol Shopping Center in the Village of Ravena and the Town of Coeymans, New York, by virtue of a judgment and order of foreclosure of a mortgage.
The settlement agreement which is now under attack as null and void was reached as to prior assessment review proceedings commenced in the years 1976 and 1977.
Petitioners contend that the settlement agreements, in sum, show that PBS Developers (PBS) and Coeymans Associates (Associates), as copartnerships which developed, owned and managed the subject property, settled and terminated certain real property assessment review proceedings for the years 1976 and 1977, and did prospectively agree not to challenge or contest assessments made by the Village of Ravena (Ravena) and the Town of Coeymans (Coeymans) against the subject property for the years 1979 through 1983 inclusive.
Petitioners, as mortgagees in possession, did cause assessment review proceedings to be commenced against Ravena for the years 1981, 1982 and 1983 inclusive, and did cause assessment review proceedings to be commenced against Coeymans for the years 1980 through 1983 inclusive, on the grounds that the assessments fixed for those years against the subject property by the two municipalities were unjust, unequal and excessive.
Petitioners further contend that, as mortgagees, they were not parties to the original settlement agreements entered into between PBS, Associates and the two municipalities and, therefore, the agreements and covenants “not to sue” contained therein are not binding upon the petitioners and as a matter of law and in the sound discretion of this court they should be declared null and void.
These matters are brought as one motion because, in effect, Ravena adopts the assessment of Coeymans and the property involved as to both proceedings is identical.
Petitioners contend that the agreements purport to bind the parties and their “successors, heirs and assigns” from seeking further assessment review in consideration for the fixing of assessments on the subject property for the years indicated therein. Petitioners further contend that they did not come into possession in the ordinary course of events, *504 nor do they now stand before the court as a “successor, heir or assign” within the ordinary meaning of said language but that they were forced to take possession and control due to a default on the underlying mortgage.
Petitioners contend that a covenant not to sue is to be construed most strongly against the party asserting it as a defense (19 NY Jur 2d, Compromise, Accord & Release, § 62 et seq., p 398) and in these cases, there was clearly no consideration running to the petitioners as they were not privy to any negotiation of the settlement agreement and could derive no benefit therefrom. Petitioners further contend that the agreements are void for lack of consideration to the petitioners.
Petitioners further contend that the agreements are void as contrary to public policy in that they preclude the assessors from valuing the true market value of the property on the tax status dates in 1980 through 1983, in violation of the statutory mandate of section 306 et seq. of the Real Property Tax Law. In effect, the assessors impermissibly waived the exercise of their statutory powers for future years and such a waiver is a subversion of the statutory scheme for real property assessment which contravenes public policy and the public interest.
Petitioners further contend that public policy considerations aside, it is well settled that covenants not to sue do not run with the land but are rather personal to the covenantors, notwithstanding any reference to the covenantor’s “heirs and assigns” (Tarantelli v Tripp Lake Estates, 23 AD2d 905). Petitioners further contend that there is no privity of estate between the petitioners and the prior parties who executed the covenant and it is the respondent’s burden to demonstrate privity of estate to impose the burden and restraints of the covenants upon the petitioners (Trustees of Columbia Coll, v Thacker, 87 NY 311).
It is the contention of the respondents that the settlement agreements reached between Associates and the two taxing municipalities, Ravena and Coeymans, are binding upon the petitioners as well as upon Associates. The reduction in the assessment on the subject real property and shopping center brought about as a result of the execution of the settlement agreements for 1978 was a reduction *505 from $150,000 to $70,000. Respondents further contend that a reading of the settlement agreements clearly indicates that there is no ambiguity as to the parties to be bound thereby for they do state: “This agreement shall be binding upon the parties, their successors and assigns.”
Respondents contend that the petitioners cite Tarantelli v Tripp Lake Estates (supra, p 907) as an authority and it states: “ ‘The burden of affirmative covenants may be enforced against subsequent holders of the originally burdened land whenever it appears that (1) the original covenantor and covenantee intended such a result; (2) there has been a continuous succession of conveyances between the original covenantor and the party now sought to be burdened; and (3) the covenant touches or concerns the land to a substantial degree.’ ”
Respondents contend that in this case all three of the requirements to enforce the covenants enumerated by the Third Department, Appellate Division, are met as a matter of law.
Respondents further contend that the settlement agreements do not violate public policy for municipal taxing authorities are encouraged to deal with tax reductions and exemptions by various sections of the Real Property Tax Law, including sections 400 et seq. and 485 et seq.
The Attorney-General of this State, in an opinion dated December 2, 1970, stated as follows:
“The assessment procedures of cities and towns are set forth in Real Property Tax Law, Article 5, § 500 et seq. Section 500 thereof states:
“ ‘On or before the first day of May in each year, the assessors in each city and town shall ascertain by diligent inquiry all the real property located therein and the names of the owners thereof.’ (Emphasis supplied)
“Assessors must prepare the assessment roll (§ 504) and verify the corrected roll (§ 514).
“In C.H.O.B. Associates, Inc. v. Board of Assessors of the County of Nassau, 45 Misc. 2d 184 (1964), the Court stated at page 192:
*506 “ ‘Section 306 (Real Property Tax Law) provides that all real property shall be assessed at full value thereof. Although full value has been held to be synonymous with market value (People ex rel. Parklin Operating Corp. v. Miller, 287 N.Y. 126), the courts have uniformly held that this section does not mandate assessments at 100% of full or market value. It requires merely that the assessments be at a uniform rate or percentage of full or market value for every type of property in the assessing unit (Matter of Mid-Island Shopping Plaza v. Podeyn, 25 Misc. 2d 972, aff’d 14 A.D.2d 571, aff’d 10 N.Y.2d 966; Matter of Hartley Holding Corp. v. Gabel, 13 N.Y.2d 306; People ex rel. Yaras v. Kinnaw, 303 N.Y. 224).’ (Emphasis supplied)
“Further at page 187 the Court stated:
“ ‘In refusing a review of the assessor’s methods in such cases, the courts have made it quite clear that it was the assessor’s mental processes, observations and judgments which were in back of the actual valuations, which were not proper subjects of judicial scrutiny.’ (C.H.O.B. Associates, supra, aff’d 16 N.Y.2 779) (Emphasis supplied)
“In the case of People ex rel. Hilton v. Fahrenkopf, 279 N.Y. 49 (1938) at pages 52-53, the Court stated:
“ ‘It is of essence of an assessment that it fixes the value as of a certain time. Each annual proceeding is separate and distinct from every other. Year by year an assessor must use his own judgment and verify the roll (Tax Law, § 28). From these considerations it results that a prior judicial determination of value does not legally bind successor assessors.’ (Emphasis supplied)
“As you know, ‘towns and other municipal corporations are organized for governmental purposes, and their powers are limited and defined by statutes under which they are constituted. They possess only such powers as are expressly conferred or necessarily implied.’ Wells v. Town of Salina, 119 N.Y. 280, 287 (1890).
“In view of the foregoing, I conclude that the Town of Lincoln is not authorized to enter into a stipulation with a petitioner seeking a reduction in assessment for the year 1970, even with court approval, which would establish the assessment of petitioner’s property for the years 1971,1972 and 1973.” (1970 Atty Gen [Inf Opns] 207, 208-209.)
*507 Based upon all of the contentions herein contained, it is the opinion of this court that the petitioners’ motion for a declaratory judgment declaring that the stipulations herein referred to are null, void and of no effect, and declaring that said stipulations and agreements do not constitute a bar to the proceedings herein initiated and perfected, must be granted.