In the Matter of EXPRESSWAY VILLAGE, INC., Respondent, v JOHN D. BREARLY, as Assessor of Town of Niagara, et al., Respondents, and NIAGARA-WHEATFIELD CENTRAL SCHOOL DISTRICT, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance

with the following memorandum: Although the Niagara-Wheatfield Central School District had no right to intervene in this tax certiorari proceeding (*see, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, *affd* 61 NY2d 695), it was a proper exercise of discretion to permit the school district to intervene by permission (CPLR 1013). It was error, however, to require, as a condition of intervention, that the school district either share in the cost of respondents' appraisal or procure its own appraisal pursuant to our rules. Our rules merely provide that a party who fails to serve an appraisal report is precluded from offering expert testimony on value (Rules of App Div, 4th Dept, 22 NYCRR 1024.24 [e]). The school district may decide that it has no need of independent evidence of value and should not be required to expend sums for that purpose. With respect to sharing respondents' appraisal costs, there is no basis for such provision. Notice of this proceeding was required to be served on the school district (Real Property Tax Law § 708 [3]) so as to provide it an opportunity to contest a settlement or determination adverse to its interests (*see, Matter of Stanford Assoc. v Board of Assessors,* 39 AD2d 800, *lv denied* 31 NY2d 643), but its intervention for that purpose does not give rise to an obligation that it share respondents' costs. (Appeal from order of Supreme Court, Niagara County, Sedita, J.—intervention.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.