[728 NYS2d 262]

In the Matter of LIBERTY MANAGEMENT OF NEW YORK, INC., Respondent, v ASSESSOR OF THE TOWN OF GLENVILLE et al., Respondents, and NISKAYUNA CENTRAL SCHOOL DISTRICT, Appellant. (And Four Other Related Proceedings.)

Third Department, July 5, 2001

APPEARANCES OF COUNSEL

*Higgins, Roberts, Beyerl & Coan, P. C.,* Schenectady (*Michael E. Basile* of counsel), for appellant.

*Damon & Morey, L. L. P.,* Buffalo (*Michael J. Willett* of counsel), for Liberty Management of New York, Inc., respondent.

*Robert A. Moore,* Scotia, for Assessor of the Town of Glenville and others, respondents.

*Jay Worona,* Albany, for New York State School Boards Association, Inc., *amicus curiae.*

**OPINION OF THE COURT**

MERCURE, J.

Petitioner commenced these proceedings against respondents Assessor of the Town of Glenville, the Board of Assessment Review of the Town of Glenville and the Town of Glenville (hereinafter collectively referred to as the Town respondents) to review the tax assessment of real property located at 79 Glenridge Road in the Town of Glenville, Schenectady County (hereinafter the property), for the tax years 1996 through 2000. Respondent Niskayuna Central School District was named a party to the 1996 proceeding, was permitted to intervene in the 1997 proceeding and filed a notice of appearance making it a party to the 1998 proceeding. In July 2000, the School District filed a notice of appearance with regard to the 1999 proceeding. According to its counsel, that notice was late due to an administrative error.

In July 2000, petitioner and the Town respondents entered into a settlement agreement adjusting the tax assessments on the property for tax years 1996 through 2000 and providing for discontinuance of the proceedings. Those parties further sought judicial approval of the settlement agreement and termination of the tax certiorari proceedings. The School District opposed the application for judicial approval of the settlement agreement, moved for a four-month extension of the time period for obtaining and filing an appraisal of the property, and sought to become a party to the 1999 proceeding. Ultimately, Supreme Court determined that the School District lacked the authority to veto the settlement agreement, found that the settlement agreement was in the best interests of the parties and, therefore, entered an order approving it. The School District appeals. Supreme Court subsequently entered an amended order, again approving the settlement agreement but also direct-

ing respondents to refund any excess payment to petitioner and denying the School District's motions. The School District appeals the amended order as well.

The central issue for our consideration—one that appears not to have been previously addressed in any published opinion—concerns the precise scope of the party status a school district enjoys following its intervention in a tax certiorari proceeding. Equating the municipal assessor's authority to determine assessments in the first instance with the right to fully participate in a tax certiorari proceeding, petitioner concludes that only the taxpayer and the assessing jurisdiction are afforded full party status and that an intervening school district's rights are limited to "mak[ing] its views known if a settlement is proposed" and "present[ing] evidence if the matter proceeds to trial." The School District and *amicus curiae*, New York State School Boards Association, Inc., contend on the other hand that an intervening school district, which often has a greater stake in the outcome than the assessing jurisdiction, is not a second-class party but enjoys the same status and possesses the same rights as the other parties, including the right to reject an unacceptable settlement offer. Although the controlling statutory provisions are by no means clear, we conclude that the view advanced by the School District and *amicus curiae* is the correct one. We shall accordingly reverse Supreme Court's orders and remit the matter for further proceedings.

This Court has long recognized a school district's right to participate in tax certiorari proceedings (*see, e.g., Matter of Stanford Assocs. v Board of Assessors*, 39 AD2d 800, *lv denied* 31 NY2d 643). For tax certiorari proceedings commenced prior to January 1, 1996 (*see*, L 1995, ch 693, § 7), a school district wishing to take part in the proceeding was required to seek to intervene pursuant to CPLR 1012 (a) (*see, Matter of Stanford Assocs. v Board of Assessors, supra*). In response to a report by the New York State School Boards Association, Inc., which highlighted the problem that "although the school district is not named as a legal party in tax certiorari proceedings, the school district must bear the consequences of whatever settlement is reached" (Mem of Senator Joseph Holland, Bill Jacket, L 1995, ch 693), the Legislature amended RPTL 708 (3) so as to provide that an "affected school board shall be deemed a necessary party as defined in [CPLR 1001]" (L 1995, ch 693, § 1; *see*, Budget Report on Bills, Bill Jacket, L 1995, ch 693; Mem of Assembly Member Richard Brodsky, Bill Jacket, L

1995, ch 693). The following year, the Legislature amended RPTL 708 and 712 in an effort to address school districts' concerns about the time and expense involved in being made a party to all tax certiorari proceedings and in order to correct some technical errors in the 1995 legislation (*see,* L 1996, ch 503, §§ 1, 2; Mem of Senator Joseph Holland, Bill Jacket, L 1996, ch 503; *see also,* Governor's Mem approving L 1995, ch 693, Bill Jacket, L 1995, ch 693). Under the existing statutory scheme, although a school district is not afforded automatic necessary party status (*see,* RPTL 708 [3]), pursuant to RPTL 712 (2-a), it may become a party by merely serving a verified answer or notice of appearance upon the petitioner and the respondent.

We see nothing in the legislative history to Laws of 1995 (ch 693) or Laws of 1996 (ch 503) or in any of our prior decisions suggesting that the party status to be afforded a school district taking part in a tax certiorari proceeding is anything less than the party status enjoyed by the petitioner and the respondent. To the contrary, such a school district "is entitled to be heard on the issue of the valuation for assessment purposes" before an order approving settlement is granted (*Matter of Stanford Assocs. v Board of Assessors,* 39 AD2d 800, 801, *supra*) and the school district must be provided "an opportunity to contest a settlement * * * [that is] adverse to its interests" (*Matter of Expressway Vil. v Brearly,* 112 AD2d 718, 719). Considering that a school district will often have a far greater pecuniary interest than the assessing jurisdiction in defending a tax certiorari proceeding, it makes little sense to afford a school district party status but, at the same time, deny it any meaningful control over the course of the proceeding. We also reject the Town respondents' argument that school districts were necessary parties under the 1995 amendment but lost that status following the 1996 amendment (*compare,* L 1995, ch 693, *with* L 1996, ch 503). In our view, the 1996 amendment broadened school districts' rights, permitting them to determine how best to expend scarce resources by selecting which proceedings to defend. Nor are we persuaded by petitioner's specter of an inevitable "system of dual assessments, one for a town and another for a school district" through adoption of the School District's position. There will be but one assessment, reached through a settlement agreed to by all parties or as determined by the court after a trial at which all parties are permitted to present evidence, cross-examine adverse witnesses, interpose objections and otherwise fully participate.

As a final matter, because Supreme Court's erroneous legal determination prevented it from considering whether it should exercise its discretion to extend the School District's time for obtaining and filing an appraisal or for serving a notice of appearance in the 1999 proceeding, those issues should be considered and determined following remittal.

CARDONA, P. J., CREW III, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order and amended order are reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.