■ In the Matter of NIAGARA MOHAWK POWER CORPORATION et al., Respondents, v TOWN OF MOREAU ASSESSOR et al., Respondents, and SOUTH GLENS FALLS CENTRAL SCHOOL DISTRICT, Appellant. (And Three Other Related Proceedings.) [790 NYS2d 254]—

Cardona, P.J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered October 29, 2003 in Saratoga County, which, in four proceedings pursuant to RPTL article 7, referred the proceedings to a Referee and directed the parties to share equally in the costs of the reference.

Petitioners, two electric utilities, commenced these RPTL article 7 proceedings between 1997 and 2001 to challenge certain real property tax assessments made by respondent Town of Moreau and its tax assessor. After respondent South Glens Falls Central School District intervened in the proceeding (*see* RPTL 712), a preliminary hearing was held. Following an on-the-record discussion with the parties, Supreme Court issued an order of reference appointing a Referee to conduct a trial and issue a report, and further directing that "the parties equally share the costs thereof." The District appeals from that part of the order requiring it to contribute toward the costs of the Referee's services.

Initially, we are unpersuaded by the District's contention that Supreme Court's requirement that it share equally in the costs

constituted an abuse of discretion or was otherwise contrary to the spirit of RPTL article 7. A school district wishing to participate in tax certiorari proceedings may intervene in the matter simply by serving a verified answer or notice of appearance upon the remaining parties (*see* RPTL 712 [2-a]). Notably, the intervening school district enjoys full party status, including the right to be heard on the valuation of the assessment and to contest settlement offers (*see Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville*, 284 AD2d 61, 64 [2001]). Inasmuch as the District has fully availed itself of these rights and apparently participated at every stage of the proceedings through independent counsel, we see nothing in the RPTL or in the specific circumstances herein warranting the conclusion that Supreme Court's order mandating the District to share equally in the costs of the Referee was in any way illegal or inequitable.

Next, we note that, although the order on appeal directs an equal apportionment of the Referee's fee, it does not specify a definite percentage. The on-the-record discussion of the issue indicates that Supreme Court was contemplating that petitioners, the Town respondents and the District each pay one third of the costs incurred. However, as noted by the District and the Town respondents, petitioners are separate entities regardless of the fact that they are represented by the same attorney in this matter. Accordingly, we are persuaded by the contention that Supreme Court's direction that the parties share the costs equally should be construed as meaning that each of the four parties pay one fourth of the costs.

Finally, we have examined petitioners' request for costs and counsel fees pursuant to 22 NYCRR 130-1.1 and find it to be unpersuasive under the circumstances herein.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.