■ In the Matter of COUNTY OF SULLIVAN, Appellant, et al., Petitioner, v TOWN OF TUSTEN et al., Respondents. [899 NYS2d 455]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered March 2, 2009 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Town of Tusten Grievance Board of Assessment Review classifying certain real property owned by respondent Gurdjieff Foundation, Inc. as tax exempt.

Respondent Gurdjieff Foundation, Inc. is a not-for-profit corporation with tax exempt status under the Internal Revenue Code. Gurdjieff owns real property in the Town of Tusten, Sullivan County. Although the real property had been classified as tax exempt pursuant to RPTL 420-a, Gurdjieff had nonetheless made annual $6,000 payments—characterized as voluntary contributions—to respondent Town of Tusten for about 10 years. In May 2008, ostensibly in response to concerted pressure from Sullivan County officials, the Town's assessor changed the classification of Gurdjieff's property on the tentative assessment roll to taxable, with a value of slightly over one million dollars.

Gurdjieff filed a timely grievance and presented various information to respondent Town of Tusten Grievance Board of Assessment Review supporting its contention that its property

was entitled to tax exempt status. An agreement was authorized to resolve the controversy, which was executed in June 2008 by Gurdjieff, the Town assessor and the acting chair of the Grievance Board. The agreement provided, in relevant part, that Gurdjieff's property would be reclassified back to tax exempt status, Gurdjieff would make an annual "contribution in lieu of taxes" to the Town of $10,000 for five years, and the property would remain exempt during those five years so long as the ownership and usage did not change.

While the agreement resulted in the Town receiving about the same amount it would have received in taxes on Gurdjieff's property, petitioners received no payment.[1] Hence, petitioners commenced this proceeding contending, among other things, that the Town lacked legal authority to enter into the June 2008 agreement (which petitioners characterized as a payment in lieu of taxes) and that the agreement should be voided. Supreme Court dismissed the petition, holding that the property was, in fact, tax exempt and, accordingly, since no taxes were due, the terms of the June 2008 agreement did not provide for a payment in lieu of taxes. Petitioner County of Sullivan appeals.

The County challenges the validity of the agreement used by the Town to settle the underlying tax dispute. "[T]he Legislature has declared that '[a]ll real property within the state shall be subject to real property taxation . . . unless exempt therefrom by law' " (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 201 [1991], quoting RPTL 300), and most of the recognized exemptions are set forth in RPTL article 4 (*see generally* 13-133 Warren's Weed New York Real Property § 133.06 ["Taxes Affecting Real Property"]; *see also* NY Const, art XVI, § 1). The state has delegated to local municipalities the authority to make initial decisions regarding the value of real property for purposes of taxation, including determining which property is exempt (*see* RPTL 102 [1], [2], [3]; *see generally* RPTL art 5). In exercising the delegated power implicating taxation, a local municipality "may not act in excess of the powers conferred upon it by the Legislature" (*Rose v Eichhorst*, 42 NY2d 92, 95 [1977]; *see Castle Oil Corp. v City of New York*, 89 NY2d 334, 338-339 [1996]). Accordingly, efforts to carve out settlements of real property tax disputes in fashions not falling within the statutory framework are invalid (*see People ex rel. Beard's Erie Basin, Inc. v Sexton*, 247 App Div

---

1. If the property had not received tax exempt status, petitioner County of Sullivan would have reportedly received about $9,000 and petitioner Sullivan West Central School District approximately $22,000.

754, 754-755 [1936]; *Troy Union R.R. Co. v City of Troy*, 227 App Div 351, 354-356 [1929], *affd* 253 NY 597 [1930]; *Matter of North Country Sav. Bank v Nunziato*, 123 Misc 2d 502, 506-507 [1984]; 10 Ops Counsel SBRPS No. 110 [2000]).

Here, it is undisputed that, for real property taxation purposes, petitioners depend on the Town's determination of value of property located in the Town, including the Town's decision as to which property is exempt. The Town has not set forth any statutory authority for the type of agreement it used to resolve this tax dispute. The June 2008 agreement clearly does not fall within the parameters of a statutorily authorized payment in lieu of taxes program (*see generally* General Municipal Law art 18-A; 13-133 Warren's Weed New York Real Property § 133.06 [5] ["Taxes Affecting Real Property"]).[2] Nor does the agreement constitute a judicially approved resolution of an RPTL article 7 proceeding since there was neither a pending article 7 proceeding nor judicial involvement. While we ascribe no ill intent to the Town in this case, we note that the type of agreement it used opens the door for potential abuse, such as, among others, a governmental authority wielding the weighty power of taxation to commandeer "contributions" from entities that are exempt from real property taxes, or a municipality negotiating an agreement to its benefit at the expense of other taxing jurisdictions. The power to bestow the benefit of an exemption from taxation is an area where malfeasance may occur (*see generally Matter of Dudley v Kerwick*, 52 NY2d 542, 547-548 [1981]). The agreement used here finds no support in the statutory taxing framework and also implicates a potential for abuse. In short, it was not an authorized way to resolve the tax dispute, and it is void.

We do, however, note that the County has limited its request on appeal to a determination of the legality of the June 2008 agreement and has not pursued a challenge to the underlying determination that Gurdjieff was entitled to exemption under RPTL 420-a. Accordingly, there is no reason for revisiting the exemption issue or the issue of taxes for any past years up to the present; however, the local assessor must follow—without regard to the June 2008 agreement—the statutory mandate of annually making those determinations related to value and taxation (including exemptions) required of that office.

---

2. It merits noting that, unlike the agreement crafted by the Town, a payment in lieu of taxes program provides for notice and input from each affected tax jurisdiction (*see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau*, 10 NY3d 445, 455-456 [2008]), as well as proportional sharing of the payment (*see* General Municipal Law § 854 [17]).

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to invalidate the June 2008 agreement; petition granted to said extent; and, as so modified, affirmed.