■ In the Matter of PNL STILLWATER, LLC, Respondent, v BOARD OF ASSESSORS OF TOWN OF STILLWATER et al., Respondents, and STILLWATER CENTRAL SCHOOL DISTRICT, Appellant. (And Two Other Related Proceedings.) [943 NYS2d 279]—

Garry, J. Appeal from an amended judgment of the Supreme Court (Ferradino, J.), entered March 15, 2011 in Saratoga County, which, in a proceeding pursuant to RPTL article 7, granted petitioner's motion for summary judgment.

Petitioner owns a parcel of real property underlying a mobile home park in the Town of Stillwater, Saratoga County. In January 2007, as part of negotiations pertaining to a sewer system upgrade, a representative of petitioner and the Town Supervisor for the Town of Stillwater signed a letter agreement providing, among other things, that a specified formula would be applied to value petitioner's property for tax assessment purposes. The agreement further anticipated that petitioner would file an RPTL article 7 proceeding to change its 2007 assessment, and the Town and petitioner would then settle the proceeding by stipulating to an assessment based upon the specified formula. The resulting valuation would be subject to RPTL 727 for the tax years 2008, 2009 and 2010; in subsequent years, the formula would again be employed to determine the assessment.

Thereafter, petitioner commenced three proceedings pursuant to RPTL article 7 against respondents Board of Assessors of the Town of Stillwater and the Board of Assessment Review of the Town of Stillwater (hereinafter collectively referred to as the Town respondents) challenging its property assessments for the three tax years. Respondent Stillwater Central School District intervened in each proceeding. Contending that the assessments should be established by applying the formula set out in the agreement, petitioner moved for summary judgment in each proceeding. In opposition, the Town respondents and the School District argued, among other things, that the agreement was void. Supreme Court granted petitioner's motion. The School District appeals.

Municipalities "have no inherent taxing power" and are therefore limited to exercise only the taxation authority expressly delegated to them by the Legislature (*Castle Oil Corp. v City of New York*, 89 NY2d 334, 338 [1996]; *see* NY Const, art IX, § 2 [c] [8]; art XVI, § 1). Thus, real property tax disputes may only be resolved in accord with the specific statutory provisions for doing so (*see Matter of County of Sullivan v Town of Tusten*, 72 AD3d 1470, 1471-1472 [2010]). Moreover, as the New York Constitution prohibits contracting away the power of taxation, agreements purporting to establish predetermined limits on tax liability are barred (*see* NY Const, art XVI, § 1; *Matter of Roosevelt Raceway v Monaghan*, 9 NY2d 293, 308-309 [1961], *appeal dismissed* 368 US 12 [1961]). The statutory scheme vests assessors with the duty of assessing real property values for taxation purposes (*see* RPTL 102 [3]). The assessor must apply a uniform percentage of value to all property within the tax district and must select an assessment methodology that results in a realistic valuation of each parcel and an equitable burden upon each property (*see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau*, 45 NY2d 538, 541 [1978]; *Matter of Abele v Dimitriadis*, 53 AD3d 969, 971 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 749 [2006]).

The subject agreement contravenes these principles and purports to prevent the assessor from performing the statutory duties of valuing the property and determining the most appropriate assessment method. An assessor's property valuation is presumptively valid, and "[t]o overcome the presumption, property owners must present substantial evidence of overvaluation through proof based on sound theory and objective data" (*Matter of Hudson Prop. Owners' Coalition, Inc. v Slocum*, 92 AD3d 1198, 1199-1200 [2012] [internal quotation marks and citation omitted]). Petitioner was thus required to support the claim that its property was overvalued with "evidence, such as 'a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser' " (*id.* at 1200, quoting *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]). Instead, petitioner sought relief based solely upon the agreement. Summary judgment on this ground effectively nullifies the presumptive validity of the assessor's determination and relieves petitioner of the burden of establishing, by a preponderance of the evidence, that its property was overvalued (*see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d 950, 951 [2010]; *Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1233 [2007]).

Further, we cannot accept petitioner's assertion that the assessor's statutory duty of determining the most appropriate assessment methodology was satisfied by that individual's alleged participation in devising the formula set forth in the agreement. No statutory authority permits predetermination of an assessment methodology in this fashion, even with an assessor's participation (*compare Matter of County of Sullivan v Town of Tusten*, 72 AD3d at 1472).*

Finally, the agreement deprived the School District of its right to participate in the proceedings. Upon exercising the option to intervene in an RPTL article 7 proceeding, a school district's right to fully participate in its resolution, either by settlement or trial, cannot be compromised as here proposed (*see* RPTL 708 [3]; 712 [2-a]; *Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 15 AD3d 759, 760 [2005]; *Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville*, 284 AD2d 61, 64 [2001]; *see also Matter of County of Sullivan v Town of Tusten*, 72 AD3d at 1472). Finding the agreement void for these reasons, we do not reach the parties' remaining arguments.

Mercure, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the amended judgment is reversed, on the law, without costs, and motion denied.

FOURTH DEPARTMENT, APRIL, 2012

(April 20, 2012)

---

* The agreement would also foreclose future assessors from reconsidering the methodology, as it requires application of the specified formula for an unstated period of "subsequent years."