Egan Jr., J.
(concurring). Given the nature of petitioners’ challenge, we agree that a CPLR article 78 proceeding is an improper forum and, therefore, Supreme Court properly granted respondents’ motions to dismiss the petition/complaint. That said, we write separately to express our belief that, as a threshold matter, petitioners lack standing to challenge the valuation and assessment imposed upon the subject parcels by respondent City of Glens Falls Assessor in the first instance. Simply put, a school district is neither a taxpayer nor a property owner; therefore, it is precluded from challenging the taxable value of real property (see generally Board of Educ. of Goshen Cent. School Dist. v Town of Wallkill Indus. Dev. Agency, 222 AD2d 475, 476 [1995], lv denied 87 NY2d 811 [1996]). Indeed, “a school district is required to base the tax it lev[ies] upon the assessment rolls of the municipalities within its boundaries; it is without power to question the assessments or the method of arriving at the assessed valuation” (Xerox Corp. v Town of Webster, 131 Misc 2d 817, 820 [Sup Ct, Monroe County 1986]; see RPTL 1302; see also Matter of District Three IUE Hous. Dev. Fund Corp. v Buckley, 74 Misc 2d 1078, 1080-1081 [Sup Ct, Rensselaer County 1973]). While a school district undeniably has an interest in the valuation and assessment figures imposed by the relevant assessor and may intervene and join in the defense of a tax certiorari proceeding brought by a property owner challenging its tax assessment (see RPTL 712; Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 15 AD3d 759, 760 [2005]), it enjoys no standing to initiate its own proceeding to challenge an assessment. For that reason, we would affirm the Supreme Court’s judgment but on a different ground.
Devine, J., concurs. Ordered that the judgment is affirmed, without costs.