OSWALD M. KEMP et al., Respondents, v. OWEGO WATER WORKS, Appellant.— Defendant has appealed from a final judgment of the Tioga Trial Term of the Supreme Court enjoining and restraining it from shutting off water here-

tofore furnished to plaintiffs' premises. Prior to 1902, Eliza Brink was the owner of six acres of land in the village of Owego, New York. The house, barn, greenhouse and fountain were supplied with water from a reservoir located on the premises. On December 27, 1902, Eliza Brink deeded a portion of the premises to defendant for a consideration of $250. After describing the portion conveyed, the deed stated: " Provided always, that in the event of the party of the second part in making and constructing a new reservoir, or any part thereof, shall disturb and destroy a certain spring situate on the lands of party of the first part and which supplies water to the house of the party of the first part, then and in *and* that event the party of the second part agrees to put into the house & barn of the party of the first part and furnish to her and her heirs forever a supply of water from the system of the Owego Water Works equal to that now supplied by the said spring free of all charge for connection and water rents." Subsequently the premises were conveyed to different parties. The plaintiffs became the owners of the property on May 2, 1942. It was conceded on the trial that when defendant constructed its reservoir the premises were deprived of water. From the time when Eliza Brink conveyed the premises to defendant down to February 1, 1943, the various owners of the property obtained water, without the payment of any charge, from defendant. On February 1, 1943, defendant notified plaintiffs that unless they paid a water charge of seven dollars and fifty cents the water would be turned off and thereupon this action was brought. On this appeal defendant contends that the language quoted in the deed was a condition subsequent and that the right to take advantage of the breach of the condition does not pass beyond the heirs of the grantor. The trial court found that the quoted portion in the deed was a covenant running with the land and entitled the owners thereof to free water in perpetuity, and that plaintiffs were entitled to maintain the action. Judgment affirmed, with costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.