ROBERT H. MELLON et al., Respondents, *v.* HAYWARD J. STREET et al., Appellants.

Third Department, May 24, 1965.

*Miller & Mannix* (*John C. Mannix* of counsel), for appellants,

*Frederick G. Bascom* for respondents.

REYNOLDS, J.  This is an appeal from a judgment of the Supreme Court, Warren County, perpetually enjoining appellants from interfering with the flow of water across their lands to respondents' land by stream or pipe, declaring that the appellants' land is subject to a perpetual right and easement appurtenant to the land of respondents and that respondents may enter on appellants' property to lay and maintain necessary pipes, and awarding respondents $39 in damages.

While no adequate findings were made as required by CPLR 4213 (subd. [b]), the record appears complete and thus this court may make the requisite findings (*Weidman* v. *Klot*, 11 A D 2d 641; *Famous Sea Food House* v. *Skouras*, 272 App. Div. 258).  We find that the respondents, having entered a contract of purchase with the legal owners, Martin J. Larrow and wife, are the equitable owners of a parcel of land adjoining that of appellants in the Town of Queensbury, Warren County.  That all titles are traceable to a common grantor.  That appellants' deed, as all the deeds of their predecessors back to the common grantor, contained the following: "This conveyance is made subject to the right of the parties of the first part, their heirs and assigns, to take water from the spring on the first parcel herein described and to lay and maintain water pipe upon said land for the purpose of conveying water from said spring to the lands of the parties of the first part, and to enter upon said premises at all times for the purpose of laying, maintaining and repairing said pipes."  That a corresponding clause appears in the deed of the Larrows and all their predecessors in title.  That sometime in 1960 just prior to the time the Larrows took possession, appellants cut the water supply to respondents' property.  That the Larrows dug a well in the cellar to replace the water supply.  That this well gave out on or about February 1, 1963 and that there is no other source of water available on the property.  That appellants refused to allow respondents access to the spring after the well went dry.  That respondents, thereafter, obtained a temporary injunction allowing access and expended $39 to reconnect their house to the spring.

With these findings the judgment of the court below must be affirmed.  The language in appellants' deed is sufficient alone to create an easement appurtenant binding on their land irrespective of the construction given to the clause in the Larrows' deed (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242; 4 Warren's Weed, Real Property, § 2.05, p. 726).  It

is manifest that a permanent easement running with the land for the benefit of respondents' land was intended (see *Kemp* v. *Owego Water Works,* 267 App. Div. 849). We find no merit in appellants' argument that the Larrows, as the holder of legal title, were indispensable parties (*Spencer* v. *Standard Chem. & Metals Corp.,* 237 N. Y. 479; 2 Carmody-Wait, New York Practice, pp. 533-536).

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Judgment affirmed, with costs to respondents.