■ In the Matter of ROSE ROMEO, Respondent, v. RALPH ROMEO, Appellant.— In a support proceeding brought by petitioner against her husband, the latter appeals from an order of the Family Court, Suffolk County, dated April 12, 1972, which, after a hearing, directed that he pay $50 a week for petitioner's support and $300 for her counsel fees. Order affirmed, with $10 costs and disbursements. In an ever-increasing number of nonjury cases coming before us Trial Judges have failed to make the findings of fact required by CPLR 4213 (subd. [b]). Such a practice completely disregards the statutory mandate and, in the usual case, necessitates a remand by this court with resulting unnecessary judicial labors, and inconvenience and expense to the parties concerned. In

this case the record appears complete and therefore this court, doing that which the trial court should have done, will make the requisite findings (*Mellon* v. *Street,* 23 A D 2d 210, 211, mot. for lv. to app. den. 16 N Y 2d 488; *Marine Midland Trust Co. of Cent. N. Y.* v. *Bloom,* 40 A D 2d 580). We find that respondent is the lawful wife of appellant, that she is unable to support herself at the present time and that appellant, as her husband, has the duty and is able to provide that support. It appears, contrary to appellant's contention, that the two-family house now owned and occupied by respondent does not provide her with a source of income. In view of the respective circumstances of the parties, the Family Court's awards were not excessive. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.