■    MICHAEL KEKLAK, Respondent, v MAY B. KEKLAK, Appellant.—In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered August 5, 1974, as, after a nonjury trial, (1) granted plaintiff a divorce on the ground of abandonment, (2) dismissed her counterclaims for separation or divorce, (3) failed to award a counsel fee and (4) severed her fourth, fifth and sixth counterclaims and directed that they be tried separately. Judgment affirmed insofar as appealed from, without costs. Defendant contends, *inter alia,* that the trial court erred in not strictly complying with the dictates of CPLR 4213 (subd [b]). We agree that the trial court omitted to formally find (1) that the abandonment of plaintiff had persisted for a period exceeding one year (Domestic Relations Law, § 170, subd [2]) or (2) facts sufficient to sustain its conclusion of law that jurisdiction had been obtained, as required by section 230 of the Domestic Relations Law, and that, without such findings, the judgment may not properly be sustained. However, the trial court's failure to make these findings in this case does not constitute a fatal defect in the judgment requiring reversal. When, in a nonjury case, the record on appeal is complete and permits the reviewing court to make and provide the findings which the trial court neglected to make, such findings may be made by it *(Matter of Romeo v Romeo,* 40 AD2d 685; *Mellon v Street,* 23 AD2d 210, mot for lv to app den 16 NY2d 488). On the record before us, we find, as apparently did the trial court, although it neglected to so state in the judgment, that defendant abandoned plaintiff by leaving his bed and board on January 23, 1973 of her own free will, never to return, contrary to plaintiff's wishes; such findings are adequately supported by the testimony set forth in the record on appeal. In addition, we find that the parties had resided in this State as husband and wife prior to the commencement of the action and that plaintiff resided in this State for more than a year prior to its commencement. Accordingly, the residency requirement for the maintenance of this action set forth in subdivision 2 of section 230 of the Domestic Relations Law has been satisfied. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.