■ DIANE KATZENSTEIN, Respondent, v BERNARD KATZENSTEIN, Appellant. — In an action to recover alimony arrears and other payments due under a separation agreement between the parties, defendant appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated August 24, 1981, which, *inter alia,* permitted plaintiff to proceed with her legal remedies against defendant on her first cause of action. Judgment affirmed, with costs. Defen-

dant's initial contention is that the trial court failed to state its essential findings of fact as required by the dictates of CPLR 4213 (subd [b]). It has long been the rule, however, that such a defect does not constitute reversible error. "When, in a nonjury case, the record on appeal is complete and permits the reviewing court to make and provide findings which the trial court neglected to make, such findings may be made by it (*Matter of Romeo v Romeo,* 40 AD2d 685; *Mellon v Street,* 23 AD2d 210, mot for lv to app den, 16 NY2d 488)" (*Keklak v Keklak,* 49 AD2d 926). On the record before us, we find that plaintiff did not waive any of her rights under the parties' separation agreement. Pursuant to the terms of the separation agreement defendant was to pay plaintiff $135 per week in alimony and 20% of his annual income in excess of $20,000. Defendant was also required to provide plaintiff with his yearly W-2 form and an affidavit setting forth his self-employment earnings. The agreement also specifically provided that no waiver of the agreement would be valid unless in writing, and that a failure to insist on strict performance should not constitute a waiver of any term or provision of the agreement. Defendant's assertion that plaintiff waived her right to the funds in question is without merit. A waiver is an intentional relinquishment of a known right, either express or implied, by such actions or failures to act as demonstrate an intent to relinquish such right (*Hadden v Consolidated Edison Co. of N. Y.,* 45 NY2d 466). The evidence supports the conclusion that plaintiff asserted her rights on an annual basis and never surrendered them. There was also no oral or written agreement, executed or otherwise, to modify the original terms of the agreement in issue. Accordingly, the judgment appealed from is affirmed. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.