■ In the Matter of SHEILA PASNER et al. HARRY ACKER, Appellant; LEONARD ACKER, Respondent. [627 NYS2d 966] —In a proceeding pursuant to Mental Hygiene Law article 81, the petitioner Harry Acker appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Leone, J.), dated October 27, 1993, as appointed Leonard Acker guardian for the personal needs and property of Paul Tenenbaum, an incapacitated person.

Ordered that the matter is remitted to the Supreme Court, Kings County, to set forth its reasons for appointing Leonard Acker as guardian, and the appeal is held in abeyance in the interim. The Supreme Court shall file its findings of fact with this Court with all convenient speed.

The record reveals that, by the close of the hearing on the petition, the parties were in agreement that a guardian should be appointed for Paul Tenenbaum but the petitioners objected to the appointment of a family member, the respondent Leonard Acker, on the ground of an alleged financial conflict of interest. Although the Supreme Court made the appropriate findings of fact pursuant to Mental Hygiene Law § 81.15 concerning, inter alia, the necessity for the appointment of a guardian, it failed to make any findings on the record with respect to its choice of the respondent as the guardian.

The trial Court is required to make appropriate findings and to set forth its reasoning so that this Court may intelligently review its decision (see, Cusumano v Cusumano, 188 AD2d 580; Brenner v de Bruin, 171 AD2d 833; CPLR 4213 [b]). Accordingly, the matter is remitted to the Supreme Court for the purpose of setting forth the reasons for its appointment of the respondent as the guardian. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.