■ In the Matter of MILDRED JERALDINE C. Geraldine C.F., Respondent. ELAINE C., Nonparty Appellant. [789 NYS2d 180]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Elaine C. appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated June 10, 2003, as, after a nonjury trial, appointed James B. and Joanne B. coguardians of the person and property of the incapacitated person.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

By the close of the nonjury trial on the petition, the parties were in agreement that a guardian should be appointed for the incapacitated person, but the appellant objected to the appointment of James B. and Joanne B. on the ground that the incapacitated person expressed a desire for the appellant to manage her personal and property affairs. James B. is the incapacitated person's nephew and Joanne B. is James B.'s wife.

Although the Supreme Court made the appropriate findings of fact pursuant to Mental Hygiene Law § 81.15 concerning, inter alia, the necessity for the appointment of a guardian, it failed to make findings on the record with respect to its choice of James B. and Joanne B. as coguardians.

The trial court, after a nonjury trial, is required to make appropriate findings and set forth its reasoning so that this Court may intelligently review its decision (*see Matter of Pasner*, 215 AD2d 763 [1995]; CPLR 4213 [b]). However, when the record on appeal permits the reviewing court to make the findings which the trial court neglected to make, it may do so (*see Katzenstein v Katzenstein*, 90 AD2d 533 [1982]; *Mellon v Street*, 23 AD2d 210 [1965]). In the instant case, the record is sufficient for this Court to make the requisite findings of fact.

The evidence in the record established that there was a breakdown in communication between the appellant and the petitioner, who were the incapacitated person's daughters, which caused the petitioner to commence the instant guardianship proceeding. Additionally, James B. had a close relationship with the incapacitated person, his aunt, and lived in close proximity to her in Queens for "the last 27 years." The petitioner, on the other hand, lived in California and the appellant lived in New Jersey.

James B. and Joanne B. were willing to serve as guardians. The petitioner did not object to their appointment. Joanne B. was uniquely qualified to serve since she held a degree in health administration and was experienced in elder care.

It is apparent from the record that the court favored James B. and Joanne B. over the appellant on the ground that there was a breakdown in communication between the appellant and her sister, James B. and Joanne B. had a close relationship with the incapacitated person and lived in close proximity to her, and they were willing and qualified to assume the responsibility.

Accordingly, the Supreme Court appropriately appointed James B. and Joanne B. as coguardians of the person and property of the incapacitated person. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.