■ In the Matter of OLLIE D. RODNEY R.D., Appellant. JOHN A. MONTELEONE et al., Nonparty Respondents. [817 NYS2d 142]—

In a proceeding, inter alia, for a guardianship pursuant to Mental Hygiene Law article 81, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated November 23, 2004, as, after a hearing, denied that branch of his petition which was to be appointed as guardian of the person and property of his mother, an incapacitated person, and instead appointed a neutral third party as guardian, and ratified a certain

mortgage taken by the incapacitated person and held by Delta Funding.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Although the Supreme Court made the appropriate findings of fact pursuant to Mental Hygiene Law § 81.15 concerning, inter alia, the necessity for the appointment of a guardian, it failed to make sufficient findings on the record with respect to its determination to appoint a neutral third-party guardian (see Matter of Pasner, 215 AD2d 763 [1995]). "However, when the record on appeal permits the reviewing court to make the findings which the trial court neglected to make, it may do so" (Matter of Mildred Jeraldine C., 14 AD3d 560, 561 [2005] [citations omitted]). In the instant case, the record is sufficient for this Court to make the requisite finding that bitter dissension between the incapacitated person's family members justified the appointment of a neutral third-party guardian (see Matter of Wynn, 11 AD3d 1014, 1015-1016 [2004]; cf. Matter of Weisman, 112 AD2d 871, 872-873 [1985]; Matter of Lyon, 52 AD2d 847 [1976], affd 41 NY2d 1056 [1977]).

The petitioner's remaining contention is without merit. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.