■  In the Matter of MARILYN A.I. JOAN P., Appellant; KEVIN D. et al., Respondents. [964 NYS2d 640]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs and property management of Marilyn A.I., an alleged incapacitated person, the petitioner appeals, as limited by her notice of appeal and brief,

from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Asarch, J.), dated March 7, 2012, as, after a hearing, failed to appoint her as a co-guardian of the person of Marilyn A.I. together with George P. Esernio, Esq.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

In selecting a guardian for an incapacitated person, the primary concern is for the best interests of the incapacitated person (*see Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *Matter of Rudick*, 278 AD2d 328, 329 [2000]). In the instant case, the record plainly indicates that a strong dissension existed between Marilyn A.I., the incapacitated person, and the petitioner, who is her daughter. Thus, the Supreme Court did not improvidently exercise its discretion in failing to appoint the petitioner as a co-guardian of the person of Marilyn A.I. (*see Matter of Ollie D.*, 30 AD3d 599, 600 [2006]; *Matter of West*, 13 AD2d 599, 600 [1961]).

The petitioner's remaining contentions are without merit. Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.