Weisman Law Group, P.C., Respondent, v
against
Joseph Kleinman, Appellant.




Levi Huebner & Associates, P.C. (Levi Huebner of counsel), for appellant.
Weissman Law Group, P.C. (D. Morgan Burkett of counsel), for respondent.

Appeal from a decision of the District Court of Nassau County, First District (Scott Fairgrieve, J.), dated April 1, 2015, and a judgment of that court entered July 16, 2015. The judgment, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $13,604 and dismissed defendant's counterclaim.




ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies from a decision (see UDCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is further,
ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover for legal services that had been rendered to defendant pursuant to a retainer agreement that had been entered into regarding plaintiff's representation of defendant in a Family Court custody proceeding and in defending him in a family-offense proceeding that had been commenced by his spouse. Defendant interposed a counterclaim seeking to recover monies allegedly overpaid, asserting that plaintiff had not taken the "necessary steps to apply to the Court to restore him to his home" by seeking to vacate an order of protection that had been obtained by his spouse directing him to stay away from the marital residence. After a nonjury trial, the District Court awarded plaintiff the full amount sought in its complaint and dismissed defendant's counterclaim.
On appeal, defendant argues that the District Court lacked subject matter jurisdiction over defendant's counterclaim because the basis of the counterclaim is to rescind the retainer agreement between the parties, which agreement involved more than $15,000 (see UDCA 208 [c]); that, assuming the court had subject matter jurisdiction over the counterclaim, the court issued its decision without making any findings of fact; and that, in the alternative, on the merits, defendant is entitled to recission because plaintiff failed to move to vacate the order of protection.
The District Court has jurisdiction over a counterclaim for any amount which is for money only (see UDCA 208 [b]), and for a counterclaim "for the rescission or reformation of the transaction upon which the plaintiff's cause of action is founded, if the amount in controversy on such counterclaim does not exceed $15,000" (UDCA 208 [c]). Defendant's amended counterclaim was for money only, and did not seek rescission or reformation of the retainer agreement. It is only on appeal that defendant attempts to recharacterize his counterclaim, which seeks a reduction in fees due to overbilling or improper work, as one for rescission. Indeed, at trial, defendant never even sought to establish a cause of action for rescission, by claiming grounds therefor, such as fraud or unilateral or mutual mistake. Consequently, defendant's contention that the District Court lacked subject matter jurisdiction over his counterclaim or, in the alternative, that his "rescission" counterclaim has merit must fail.
Second, defendant contends that the trial court failed to do "substantial justice" because it did not include findings of fact with its decision. While the District Court did not set forth the specific facts it deemed essential to its decision, as required by CPLR 4213 (b), "when the record on appeal permits the reviewing court to make the findings which the trial court neglected to make, it may do so" (Matter of Mildred Jeraldine C., 14 AD3d 560, 561 [2005]). Here, the evidence established the basis for plaintiff's claim that it had performed the legal services for which it had billed. Plaintiff's witness testified regarding the terms of the agreement and the scope of its representation, the work done as a result of that agreement, knowledge of the contents of the bills, the precise amount owed by defendant based on the invoices mailed to him, and defendant's failure to pay that amount. Defendant did not deny that he had not remitted payment to plaintiff or that plaintiff had done the work for which plaintiff had billed him. As the trial court's determination is supported by the record, we find no basis to disturb it (see Golding v Gottesman, 41 AD3d 430 [2007]; Kahan v Sulaymanov, 24 AD3d 612 [2005]; Bucci v Bucci, 231 AD2d 665 [1996]).
Accordingly, the judgment is affirmed.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk