Ellen C. Bodner PT, P.C. v Margate (2021 NY Slip Op 50131(U))

[*1]

Ellen C. Bodner PT, P.C. v Margate

2021 NY Slip Op 50131(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 
 11th & 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ 

2018-2282 Q C
Ellen C. Bodner PT, P.C., 
 Appellant,
against
 Floralen Absin Margate, Respondent.
 
 Ellen C. Bodner PT, P.C., Appellant, against Addminas
Powell, Respondent.
 Ellen C. Bodner PT, P.C., Appellant, against Lanie 
 Velasco, Respondent. 

 Ellen C. Bodner PT, P.C., Appellant, against Patricia 
 Sito, Respondent.
Ellen C. Bodner PT, P.C., Appellant, 
 against Mary Ann Domingo, Respondent. Ellen C. Bodner 
 PT, P.C., Appellant, against Elayne Pereira, 
 Respondent. Ellen C. Bodner PT, P.C., Appellant, against
  Natalie LaRosiliere, Respondent.
Ellen C. Bodner PT, P.C.,
Appellant, 
 against Adrianne Depierro,
Respondent. Ellen C. Bodner PT, P.C., Appellant,
against Rajamathangi 
 Gounder, Respondent. Ellen C. Bodner PT, P.C., Appellant, 
 against Maria Delgado, Respondent. Ellen C. Bodner PT, 
 P.C., Appellant, against Lynne Xuhle, Respondent. 
 Ellen C. Bodner PT, P.C., Appellant, against Brittney 
 Forde, Respondent. Ellen C. Bodner PT, P.C., Appellant, 
 against Lynne Kuhle, Respondent.

Appellate Term Docket No.
2018-2282 Q C
Lower Court # SC 30051-17

 Appellate Term Docket No.
2018-2286 Q C
Lower Court # SC 30567/17

Appellate Term Docket No.
2018-2290 Q C
Lower Court # SC 30143-17

 Appellate Term Docket No.
2018-2295 Q C
Lower Court # SC 30052-17

Appellate Term Docket No.
2018-2296 Q C
Lower Court # SC 30197-17

Appellate Term Docket No.
2018-2297 Q C
Lower Court # SC 30568/17

 
Appellate Term Docket No.
2018-2299 Q C
Lower Court # SC 30144-17

 [*2]Appellate Term Docket No.
2018-2300 Q C
Lower Court # SC 30050-17

  Appellate Term Docket No.2018-2301 Q C
Lower Court # SC 30371-17

Appellate Term Docket No.
2018-2302 Q C
Lower Court # SC 30142-17 

Appellate Term Docket No.
2018-2306 Q C
Lower Court # SC 303196-17

 Appellate Term Docket No.
2018-2317 Q C
Lower Court # SCQ 30198/17

 
Appellate Term Docket No.
2019-205 Q C
Lower Court # SC 30372/2017

Stephen David Fink, Esq., for appellant.

Abrams, Fensterman, Fensterman, Eisman, Formato & Wolf LLP (Matthew Didora and
John S. Cahalan of counsel), for respondents.

Appeals from 13 judgments of the Civil Court of the City of New York, Queens County
(Phillip Hom, J.), entered March 29, 2018. The judgments, after a joint nonjury trial, dismissed
the 13 actions.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the judgments are affirmed, without costs.
In these 13 commercial claims actions, plaintiff seeks to recover for alleged "duplicated
payroll" from the respective defendants, alleging that plaintiff paid defendants for work they
performed for plaintiff during a specified period, while another entity also paid defendants for the
same work. Following a joint nonjury trial, the Civil Court found in favor of defendants and
dismissed the 13 actions.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a
trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity
to observe and evaluate the testimony and demeanor of the witnesses affords it a better
perspective from which to assess their credibility (see Vizzari v State of New York, 184
AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference
applies with greater force to judgments rendered in the Commercials Claims Part of the court
(see Williams v Roper, 269 AD2d at 126). 
Although the Civil Court did not set forth specific findings of fact (see CPLR 4213
[b]), contrary to plaintiff's argument, a new trial is not required, as it can be determined from the
record how the court arrived at its award (see Matter of Mildred Jeraldine C., 14 AD3d 560 [2005]; Weisman Law Group, P.C. v
Kleinman, 60 Misc 3d 133[A], 2018 NY Slip Op 51042[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; Albanese v
Zeejah, 43 Misc 3d 128[A], 2014 NY Slip Op 50482[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2014]; Cherry v Mendez, 41 Misc 3d 132[A], 2013 NY Slip Op
51795[U] [App Term, 1st Dept 2013]; Brown v Joseph A. Altman, P.C., 40 Misc 3d
139[A], 2013 NY Slip Op 51406[U] [App Term, 1st Dept 2013]). In this case, plaintiff failed to
establish any basis for its claims. Plaintiff's owner testified that plaintiff was defendants'
employer during the period at issue, and there was no evidence to the contrary, nor were there
any other disputed issues of fact. The fact that another entity may have also paid defendants is
irrelevant. Thus, we find that substantial justice was done between the parties according to the
rules and principles of substantive law (see CCA 1804-A, 1807-A [a]).
Accordingly, the judgments are affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021