CUSHMAN & WAKEFIELD, INC., Appellant, *v.* JOHN DAVID, INC., et al., Respondents.

First Department, March 8, 1966.

*William M. Kufeld* of counsel (*Carb, Luria, Glassner & Cook,* attorneys), for appellant.

*John M. Burns, III,* of counsel (*Hughes, Hubbard, Blair & Reed,* attorneys), for Hallmark Cards, Incorporated, respondent.

*Richard Steel* of counsel (*Martin A. Jacobs,* attorney), for Collins Tuttle & Co., Inc., respondent.

*Edward L. Sadowsky* of counsel (*Bernard H. Goldstein* with him on the brief; *Tenzer, Greenblatt, Fallon & Kaplan,* attorneys), for H. K. Negbaur & Co., Inc., respondent.

*Frankenthaler & Kohn* for John David, Inc., respondent.

*Per Curiam.* This is an appeal from an order denying plaintiff's motion for leave to serve an amended complaint. This court in *Cushman & Wakefield* v. *John David, Inc.* (23 A D 2d 827) granted a motion to dismiss the second and third causes of action of the original complaint because of insufficiency; but with the leave to plaintiff to apply at Special Term, pursuant to CPLR 3211 (subd. [e]), to serve an amended complaint. The question before us is whether the plaintiff, upon its application for leave to serve an amended complaint, has complied with CPLR 3211 (subd. [e]) by submitting not only a proposed pleading supplying the deficiencies noted upon a dismissal of the original complaint but also evidence, by affidavit " that could properly be considered on a motion for summary judgment " to satisfy the court that it " has good ground to support " the causes of action.

The first cause of action alleged in the original complaint — which was not attacked on the motion to dismiss — sought recovery of commissions from defendant, John David, Inc., upon the basis of a written agreement, entered into September 20, 1961, wherein plaintiff was appointed John David's exclusive agent, for a period of 90 days from October 1, 1961, for the purpose of procuring a tenant for the premises occupied by John David. The agreement provided that John David would pay plaintiff a full commission if the premises were transferred to a new tenant during the 90-day period or if the premises were thereafter leased to a tenant to whom the property had been submitted during the 90-day period. Plaintiff alleged that it did submit the property to defendant Hallmark Cards, Incorporated, during the 90-day period and that Hallmark did become the tenant after the 90-day period. Plaintiff therefore claimed it was absolutely entitled to commissions from John David.

The second cause of action of the original complaint was directed against Hallmark and two other defendants — brokers who had obtained commissions for negotiating the transfer of the lease to Hallmark — to recover damages because of their alleged malicious inducement of the breach of the contract between John David and plaintiff. In the third cause, damages were sought, in the alternative, upon a claim that defendants, other than John David, had unlawfully interfered with plaintiff's business opportunity to earn the commissions. This court found the second and third causes of action of the original complaint defective because the pleading and affidavit of plaintiff failed to allege the means of the unlawful interference with, and inducement of breach of, the plaintiff's contract with John David.

On an application, pursuant to CPLR 3211 (subd. [e]), for leave to serve an amended pleading, it is incumbent on a party applying for such relief not only to submit a proposed pleading supplying deficiencies in pleading but also evidence, by affidavit that could properly be considered upon a motion for summary judgment, which satisfies the court that the moving party has good ground to support the cause of action. It should be observed that the evidentiary requirements for obtaining leave to serve an amended pleading should not be as stringent as those demanded in seeking or opposing summary judgment. A motion for leave to replead is not a vicarious motion for summary judgment. Nor should such an application be assimilated with the procedure under CPLR 3211 (subd. [c]), under which parties, upon a motion to dismiss made under subdivisions (a) and (b), may submit evidence that could properly be considered on a motion for summary judgment and the court may then treat the motion as one for summary judgment.

The requirements for obtaining leave to amend a pleading, incorporated in CPLR 3211 (subd. [e]), were intended to obviate the former loose practice and undue liberality with which leave to replead was granted under the Civil Practice Act after the dismissal of a pleading for insufficiency. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.01.) The privilege of serving an amended pleading must now rest not only upon formal corrections in the deficient pleading, but also upon an evidentiary demonstration to satisfy a court that the party " has good ground to support his cause of action ". In other words, it is not enough that a party may be able to state a cause of action; there must be some evidentiary showing that the claim can be supported.

In our opinion, plaintiff adequately met the requirements of CPLR 3211 (subd. [e]) by demonstrating by affidavit that plaintiff has good ground to support the second and third causes of action as alleged in the proposed amended complaint. The allegations of the proposed amended complaint and the averments in the affidavits are sufficient to meet this court's objections noted in 23 A D 2d 827. There is good ground to support these causes of action under the authority of *Hornstein* v. *Podwitz* (254 N. Y. 443).

In *Hornstein* v. *Podwitz,* it was held (p. 448) that one " having knowledge of an existing valid contract between others, intentionally, knowingly and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered ". Paragraphs Twentieth through Twenty-

Third of the proposed amended complaint charge defendants with inducing the breach of plaintiff's contract with John David with actual knowledge of plaintiff's work and its rights as a broker, and that they intentionally caused John David to refuse to recognize plaintiff as a broker.

In particular, paragraph Twenty-Second sets forth the specific acts allegedly perpetrated by defendants to accomplish their purpose. They include the giving of false advice to John David that defendant Hallmark would not negotiate through plaintiff after plaintiff had transmitted a satisfactory offer to Hallmark; fraudulently informing plaintiff that Hallmark was not interested in the John David space, while at the same time surreptitiously negotiating on the offer obtained by plaintiff; falsely telling plaintiff that Hallmark would lease the space only if plaintiff would find a subtenant for a portion; consummating the transaction ostensibly through the defendant brokers, knowing it was plaintiff which had acted as the procuring broker; advising John David to pay commissions to the ostensible brokers and not to plaintiff, and indemnifying John David from plaintiff's claim. Plaintiff also alleges that defendants deliberately took advantage of plaintiff's efforts in a wrongful manner in order to oust plaintiff from receipt of commissions and to obtain unjust advantage for themselves. Moreover, as in *Hornstein* v. *Podwitz,* it is averred that John David is insolvent and that plaintiff is thus damaged. Finally, as in the *Hornstein* case, the defendants " cannot be heard to say that they are not liable for their wrongful act because the owner of the premises is also liable to the plaintiff for his commissions " (p. 449).

Thus, the proposed amended complaint contains all of the essential allegations necessary to recover damages for wrongfully inducing a breach of contract. The means of inducement of the breach by John David have now been adequately stated. In view of the alleged clandestine nature of the wrongdoing charged to defendants, it could not be expected, at this stage of the action without pretrial disclosure, that plaintiff could adduce all of the essential evidence with greater specificity than it has done in the papers on the motion for leave to serve an amended complaint. Sufficient, however, was demonstrated that plaintiff has good ground to support its causes of action. Upon the record herein, it was an improvident exercise of discretion to deny leave to serve the proposed amended complaint.

The order entered July 14, 1965, denying plaintiff's motion for leave to serve an amended complaint, and the judgment entered July 15, 1965, dismissing the second and third causes of action in the complaint, should be reversed on the law and the

facts, and in the exercise of discretion, with costs and disbursements to plaintiff-appellant, the judgment should be vacated and plaintiff's motion for leave to serve an amended complaint should be granted, the amended complaint in the form annexed to the moving papers to be served within 10 days from the service of a copy of the order to be entered herein with notice of entry.

. BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur. VALENTE, J., deceased.

Order denying plaintiff's motion for leave to serve an amended complaint and the judgment dismissing the second and third causes of action in the complaint reversed on the law and the facts, and in the exercise of discretion, with $50 costs and disbursements to plaintiff-appellant, the judgment vacated and plaintiff's motion for leave to serve an amended complaint granted, the amended complaint in the form annexed to the moving papers to be served within 10 days from the service of a copy of the order to be entered herein with notice of entry. Settle order on notice.