■ WILLIAMSTON PANTS CO., INC., et al., Respondents, v BANKERS TRUST COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant. CLARENCE RAINESS & Co. et al., Third-Party Defendants-Respondents. (And Another Action.)—Order, Supreme Court, New York County, entered November 23, 1977, granting plaintiffs' motion to dismiss the third-party complaint of defendant Bankers Trust Company against third-party defendant Clarence Rainess & Co. and dismissing the counterclaims against the plaintiffs set forth by Bankers Trust Company in its answer, unanimously

affirmed, without costs and disbursements. Order of said court entered October 7, 1977, denying defendant Bankers Trust Company's motion for leave to serve an amended third-party complaint against Clarence Rainess & Co., unanimously affirmed, without costs and disbursements, and without prejudice to defendant's applying at Special Term, if so advised, for leave to serve an amended third-party complaint. Plaintiffs herein essentially allege that defendant in failing to extend financial accommodations to Braten Apparel Corporation and failing to pay checks drawn by Braten and payable to plaintiffs, damages the plaintiffs. Defendant admits its failure to pay the checks and asserted counterclaims based upon a security interest in accounts and contracts owned by Braten. Bankers also asserted a third-party complaint against Braten's accountants, the firm of Clarence Rainess & Co., wherein it asserted that the accountants represented to it that Braten was insolvent and that in consequence, Bankers terminated its credit to Braten. The third-party complaint was properly dismissed because there was no allegation of any wrongdoing on the part of the accountants. There was no allegation that the Rainess firm had made false representations and no details concerning such representations as required by CPLR 3016 (subd [b]) were presented. Bankers having suffered dismissal of the third-party complaint sought leave to serve an amended third-party complaint, which motion was denied. The proposed third-party complaint was similarly deficient. However, Bankers requests another opportunity to serve a further amended third-party complaint. Such opportunity to seek leave to serve an amended third-party complaint at Special Term is afforded defendant because Bankers may be able to cure the defects and the law favors trial on the merits; but, any such application will require a factual demonstration of merit to support the pleading (*Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135). Defendant's counterclaims are based upon alleged breaches of contract by plaintiffs of contracts with Braten Apparel Corporation. Bankers' right to assert the counterclaims is predicated on a security interest which extends to Braten's contract rights and accounts receivable. It is, therefore, apparent that Special Term was correct in viewing the counterclaims as not embraceable within Bankers' security interest. A breach of contract claim is patently not an account and does not partake of the requisite nature of collateral to which a security interest may adhere within the scope of the security agreement herein. Concur—Sandler, J. P., Sullivan, Lupiano, Yesawich and Bloom, JJ.