LOUIS VIRELLI, Individually and as Parent and Natural Guardian of NATALIE VIRELLI, an Infant, et al., Appellants, v GOODSON-TODMAN ENTERPRISES, LTD., et al., Respondents.

Third Department, July 12, 1990

### APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey (David F. Kunz of counsel),* for appellants.

*Ricken, Goldman, Sussman & Blythe (Alan N. Sussman* of counsel), for respondents.

## OPINION OF THE COURT

Levine, J.

When this case was previously before us, it was held that the only possibly viable claim by plaintiffs arising out of defendants' publication of the newspaper article entitled "Tormented by a Drug-Crazed Daughter" was for tortious breach of confidence, i.e., the breach of an alleged promise of the reporter, defendant Sheila Isenberg, made to plaintiff Louis Virelli not to disclose the identities of him or his family (142 AD2d 479, 485). It was further held, however, that this cause of action, alleging only a negligent disclosure of identity, was insufficiently pleaded. We reasoned that because the article clearly pertained to a matter of legitimate public concern, State constitutional law required plaintiffs to plead and ultimately prove a degree of culpability on the part of defendants more severe than ordinary negligence, i.e., that they " 'acted in a *grossly irresponsible manner* without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties' " *(supra,* at 487, quoting *Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199 [emphasis in original]). We granted plaintiffs leave to replead, conditioned on a showing that they have sufficient factual grounds to support their breach of confidence cause of action (142 AD2d 479, 487-488, *supra)*.

Thereafter, plaintiffs moved before Supreme Court for permission to serve a third amended complaint setting forth a cause of action for tortious breach of confidence, in which they alleged defendants' violation of the constitutionally appropriate standard of care. Supreme Court denied plaintiffs' motion on the ground that their moving affidavits insufficiently demonstrated "that defendants acted in a grossly irresponsible manner". This appeal followed.

We affirm. Upon seeking to replead, it was incumbent upon plaintiffs to make "some evidentiary showing that [their] claim can be supported" *(Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135). That required some factual demonstration of the requisite degree of culpability on defendants' part, i.e., that they were grossly irresponsible without due consideration for appropriate news-gathering and reporting standards in allegedly disclosing plaintiffs' identities in the

subject article. Plaintiffs' moving affidavits do not contain any such evidence. Concededly, fictitious names were used in the article and the disclosure of identities, if any, only arises out of the inclusion of identifying descriptions from which, it is claimed, persons acquainted with plaintiffs would readily ascertain that they were the subjects of the article. Thus, it was incumbent upon plaintiffs to make some evidentiary showing that defendants were grossly irresponsible and violated reportorial standards in setting forth accurate and detailed descriptions of their personal characteristics through which they were identifiable by persons reading the article.

It follows from the foregoing that the factual inaccuracies that plaintiffs aver occurred in the article and the claimed failure of defendants to have followed standard procedures for verification of the accuracy of the article, while relevant in a defamation case to show "gross irresponsibility" *(see, Hawks v Record Print. & Publ. Co.,* 109 AD2d 972, 975; *see also, Ocean State Seafood v Capital Newspaper,* 112 AD2d 662, 665), are of no probative value as to the instant claim exclusively of a tortious breach of confidence. Actually, the major factual showing relied upon as to that cause of action is Virelli's averment that 38 named persons, all of whom were either acquainted with his daughter from school or with him from work, identified plaintiffs as the subject of the article. Without more, however, this proves nothing other than that the alleged promise of anonymity was in fact breached, albeit inadvertently. It does not tend to establish any violation of "sound journalistic practices * * * in preparing the * * * article" or that sound journalistic practices were not followed *(Hawks v Record Print. & Publ. Co., supra,* at 975), the relevant factors to satisfy the gross irresponsibility standard of culpability here as to the rendition of the facts of the article in light of an alleged promise of anonymity.

Insofar as plaintiffs rely on an alleged failure of the defendant newspaper owner to insure that its reporter complied with the pledge to keep plaintiffs' identities confidential, plaintiffs have not set forth any factual reason whatsoever for the newspaper to have doubted the reporter's trustworthiness *(see, Weiner v Doubleday & Co.,* 74 NY2d 586, 595-596, *cert denied* — US —, 110 S Ct 2168).

MAHONEY, P. J., CASEY, WEISS and HARVEY, JJ., concur.

Order affirmed, without costs.