■ In the Matter of JOHN EANNIELLO et al., Appellants, v MIANDA MORRIS et al., as Assessors of the Town of Butternuts, Respondents. [650 NYS2d 61] —White, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered December 18, 1995 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, declare invalid the 1995 real property tax assessments for the Town of Butternuts.

Petitioners commenced this proceeding seeking to vacate the 1995 real property tax assessments established by respondents

for the Town of Butternuts, Otsego County. They also sought to have new assessments prepared, asserting that the method utilized in the preparation of the assessments was illegal because it was not based on the parcels actually being taxed. Supreme Court found that the valuation method adopted by respondents was an approved valuation approach and dismissed the petition. This appeal followed.

We affirm. In our view, petitioners failed to prove that the methodology employed by respondents was illegal. It is well settled that there is a presumption of validity of an assessment by the taxing authority and the burden is on the one challenging the assessment to show by substantial evidence that it is excessive, illegal or unequal (*see, Fusco v Assessor of City of Utica*, 178 AD2d 995). Where, as here, the challengers fail to present sufficient proof to establish a prima facie case that the assessment is erroneous, said presumption remains in effect (*see, Matter of State of New York v Town of Thurman*, 183 AD2d 264, 266).

Petitioners correctly note that all real property must be assessed with respect to the value of the actual parcel being taxed (*see*, RPTL 305) and contend that respondents' valuations were based upon data compiled for the City of Syracuse, Onondaga County, rather than the Town of Butternuts. However, regulations concerning valuation procedures have been established by 9 NYCRR subpart 186-16 and respondents used the cost approach method for valuation of the properties. When this method is used the cost base area is defined as Onondaga County (*see*, 9 NYCRR 186-16.1 [h]), which is used throughout the State and then adjusted for local conditions. Respondents, using this procedure, adjusted the base cost for Onondaga County to reflect the value of their own specific geographic area.

Although petitioners take issue with how respondents arrived at their calculations, they have failed to establish how the use of the particular formula applied by respondents is incorrect or in violation of the law. Petitioners have cited no statutory or regulatory authority which prohibits the methodology employed by respondents and their conclusory assertion that the methodology used was arbitrary was insufficient to defeat the presumption that the assessment was valid (*see, Matter of Adirondack Mtn. Reserve v Board of Assessors*, 99 AD2d 600, 601, *affd* 64 NY2d 727).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.