■ ROBERT FERNICOLA et al., Appellants, v NEW YORK STATE INSURANCE FUND et al., Respondents. [741 NYS2d 139] —Peters, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered May 23, 2001 in Albany County, which, inter alia, granted defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered June 14, 2001 in Albany County, which denied plaintiffs' motion for leave to replead.

Plaintiffs commenced this action against defendants New York State Insurance Fund (hereinafter NYSIF) and defendant Governor seeking damages in the amount of $32 million, plus interest.[1] Defendants' motion to dismiss the complaint for failure to state a cause of action was granted by Supreme Court concluding, inter alia, that the factual allegations of the complaint were inherently incredible. Recognizing that plaintiffs have raised several grounds challenging the determination rendered, we need only review Supreme Court's dismissal pursuant to CPLR 3211 (a) (7).

In determining a motion of this type, a court must "liberally construe the pleadings in plaintiff's favor, accept the facts alleged as true, and determine whether the facts alleged fit within any cognizable theory * * *. However, [even with this broad standard,] a court need not accept as true legal conclusions or factual allegations that are either inherently incredible or flatly contradicted by documentary evidence * * *" (Ozdemir v Caithness Corp., 285 AD2d 961, 963, lv denied 97 NY2d 605 [citations omitted]; see, McNeary v Niagara Mohawk Power Corp., 286 AD2d 522, 523-524). Reviewing the allegations in plaintiffs' complaint and their affidavit in opposition to

---

1. This action was also commenced against the Savings Bank of Utica but, pursuant to stipulation, was discontinued against said party.

defendants' motion, it appears that they assert that, during their litigation of a medical malpractice action, two of the original defendants, along with their insurance carrier, commenced an insurance subrogation proceeding/cross claim against the original codefendants, their representing insurance carriers and the Secretary of State. There it was alleged, inter alia, that the State knowingly, intentionally, and deliberately used falsified medical records of plaintiff Robert Fernicola to correct an "open cardiac care deficiency" which arose from the care that Fernicola received while in the defendant hospital. Plaintiffs contend that the cross claims were heard by Supreme Court in April 1996 without notice to them, that Supreme Court ultimately determined that they were entitled to $32 million and that the Secretary of State thereafter deposited this money in trust for them in the NYSIF. Their complaint further avers that Robert Lahm, the fourth attorney that represented plaintiffs during this medical malpractice action, concealed information concerning the commencement and outcome of the subrogation proceeding because of his relationship with the Governor. Recounting various improprieties and illegal agreements by the Governor, pursued for the sole purpose of exerting undue influence on Lahm to undermine his duty of zealous advocacy to plaintiffs, plaintiffs allege, in addition to a continuing course of corruption by the Governor, the Secretary of State and others to fraudulently convey, transfer and interchange public taxpayer funds with their $32 million, yet a further fraudulent scheme involving Oneida County, the defendant hospital in the malpractice action and a political action committee organized by Lahm for the Governor's benefit.

Not one of the exhibits proffered by plaintiffs provides any basis for believing that there was a finding in their favor resulting in a $32 million judgment which was placed in trust for them in the NYSIF prior to the dismissal of their medical malpractice action.[2] As Supreme Court properly found these allegations to be inherently incredible and wholly unsupported (see, Cron v Hargro Fabrics, 91 NY2d 362; Rovello v Orofino

---

2. Notably, this is one of five state and federal actions commenced by plaintiffs against various state officials, Oneida County employees, insurance companies, private corporations, doctors, attorneys and others in which this conspiracy is alleged. All federal actions have been dismissed and, pursuant to a federal court order issued in December 2001, plaintiffs have been barred from commencing any future actions relating to this alleged conspiracy without leave of court. In one such action, the court found that the allegations lacked a sufficient factual grounding, concluding that "[t]he complaint is utterly incomprehensible on the subject of how the $32 million fund was created."

*Realty Co.*, 40 NY2d 633; *McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, *supra*; *Ozdemir v Caithness Corp.*, 285 AD2d 961, *supra*), we discern no error in the dismissal of the action.

Nor do we find error in Supreme Court's denial of the motion for leave to replead. Plaintiffs failed to articulate a desire for leave to replead in opposition to the motion to dismiss (*see,* CPLR 3211 [e]; *Cuglietto v Ferone*, 269 AD2d 556) or demonstrate " 'some evidentiary showing that [their] claim can be supported' " (*Virelli v Goodson-Todman Enters.*, 159 AD2d 23, 24, quoting *Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.