■ In the Matter of WARREN ABELE et al., Appellants, v TINA DIMITRIADIS, as Assessor of the City of Troy, et al., Respondents. [862 NYS2d 182]—

Kane, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered April 24, 2007 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the amended petition.

Petitioners own real property located in the City of Troy, Rensselaer County. They commenced this proceeding against respondent City of Troy and its assessor, among others, seeking a declaration that the City's method of preparing its 2006 tax assessment roll was invalid. After respondents moved to dismiss the petition, petitioners filed an amended petition containing five causes of action. Respondents moved, pursuant to CPLR 3211 (a) (7), to dismiss the amended petition as well. Supreme Court dismissed one claim as time-barred because it was not asserted in the original petition, and dismissed the remaining claims for failing to state a cause of action. Petitioners appeal.

Supreme Court did not err in granting respondents' motion to dismiss the amended petition. On a motion to dismiss for failure to state a cause of action, the court must liberally construe the petition, accept all of its allegations as true, accord petitioners every favorable inference and decide only whether the alleged facts fit within any recognized legal theory (see *Bailey v Chernoff*, 45 AD3d 1113, 1116 [2007]; *Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). "More is needed to state a claim, however, than factual allegations which are conclusory, vague or inherently incredible," or outright contradicted by documentary evidence (*Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d 949, 952 [2002]; *see Fernicola v New York State Ins. Fund*, 293 AD2d 844, 844 [2002]).

Petitioners do not challenge on appeal Supreme Court's determination that their claim concerning respondents' alleged failure to pursue state aid is time-barred; the claim is thus abandoned (*see Rossi v Attanasio*, 48 AD3d 1025, 1027 n 3 [2008]). In any event, that claim is meritless. Respondents cannot be held liable for choosing not to participate in a voluntary program (*see* RPTL 1573 [1]; 9 NYCRR 201-2.3 [a] [noting that a taxing authority "*may* apply for State assistance"]; *cf. Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d at 954).

Petitioners allege that the City has not performed a revalua-

tion since 1973 and the assessor violated her statutory duty to determine the value of all real property parcels by a certain date each year. A verification of assessment roll, sworn to by the assessor prior to the statutory deadline, constitutes documentary evidence flatly contradicting part of this claim (*cf. Fernicola v New York State Ins. Fund*, 293 AD2d at 844). Additionally, respondents are not required to conduct a revaluation every year or even every six years, as petitioners contend, rendering this contention completely without foundation (*see* RPTL 1573 [1]; 9 NYCRR 201-2.3 [a]; *cf. Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d at 954).

Petitioners further allege that respondents failed to achieve the required uniformity of assessments as measured by statistical calculations, including the coefficient of dispersion and the price related differential. "[A]ll real property within a taxing unit must be assessed at a uniform percentage of value and, regardless of the methodology adopted by the [a]ssessor, the result must reflect the realistic value of the property so that the tax burden of each property is equitable" (*Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 749 [2006]; *see* RPTL 305 [2]; *Matter of Adams v Welch*, 272 AD2d 642, 643 [2000]). An assessor's property valuation resulting in a local tax assessment is presumptively valid (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]; *Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d 841, 843 [2007], *lv denied* 9 NY3d 814 [2007]). To overcome the presumption, property owners must present substantial evidence of overvaluation through proof based on " 'sound theory and objective data' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188, quoting *Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 732 [1996]; *see Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d at 843). While petitioners' expert relied upon objective data, on one theory he mainly utilized data from 2003 to reach conclusions concerning the 2006 assessments, asserting that the assessments have not changed since 2003. This assertion is without foundation and is contradicted by other documents he submitted. On an alternate theory, the expert used only eight parcels—from three distinct assessing units—out of 908 parcels sold during 2005 and 2006 to support his statistical conclusions. We agree with Supreme Court's finding that this limited number of sales constituted "a highly selective sampling and cannot be considered representative." Thus, the court did not err in determining that petitioners failed to overcome the presumption that the assessments were valid.

Without any remaining claim that their property was taxed unequally, petitioners' constitutional Equal Protection Clause claim cannot survive. Their due process claim is unavailing; petitioners had an opportunity to challenge their assessments by filing a complaint with the board of assessment review (*see* RPTL 524, 525), commencing a proceeding pursuant to RPTL article 7 (*see* RPTL 700, 724; *see also Matter of Niagara Mohawk Power Corp. v Town of Bethlehem*, 16 AD3d 888, 890 [2005], *affd* 6 NY3d 744 [2005]), or through a CPLR article 78 proceeding such as the present one.

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.