In the Matter of HUDSON PROPERTY OWNERS' COALITION, INC., et al., Appellants, v GARTH SLOCUM, as Assessor of the CITY OF HUDSON, et al., Respondents. [939 NYS2d 177]—

Peters, J.

Petitioners Deborah Kinney, Windle Davis, Ruth Moser and Sarah Louie (hereinafter collectively referred to as the individual petitioners) are owners of real property in the City of Hudson, Columbia County. In July 2010, the individual petitioners and petitioner Hudson Property Owners' Coalition, Inc. (hereinafter HPOC), a not-for-profit corporation, commenced this proceeding against respondents City of Hudson, City Assessor, City of Hudson Board of Assessment Review (hereinafter collectively referred to as the City respondents), Hudson City School District and Columbia County alleging that the City respondents' method of preparing the City's 2010 tax assessment roll was illegal and invalid, and seeking to have the roll

declared void and to enjoin the City respondents and the School District from using it for the levy of taxes. Petitioners also moved, by order to show cause, for a preliminary injunction against the City respondents and the School District. The City respondents and the School District separately moved to dismiss the petition for, among other things, lack of standing and failure to state a cause of action.[1] Supreme Court granted the motions, and petitioners now appeal.

To establish standing in the context of a CPLR article 78 proceeding, an organization is required to show, among other things, that one or more of its members would have standing to sue (see *New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333-334 [1984]). As neither the petition nor the supporting affidavits allege who HPOC's members are or whether they have been aggrieved by the 2010 assessment, petitioners have failed to establish that HPOC has standing.

Assuming, without deciding, that the allegations in the petition are sufficient to confer standing upon the individual petitioners (see *Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 96 NY2d 512, 516 [2001]; *Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]; *Association of Contr. Plumbers of City of N.Y. v Fruchtman*, 64 NY2d 808, 810 [1985]; *Matter of Concerned Citizens for Envt. v Zagata*, 243 AD2d 20, 22 [1998], *lv denied* 92 NY2d 808 [1998]), we find that Supreme Court properly dismissed the petition for failure to state a cause of action. "[A]ll real property within a taxing unit must be assessed at a uniform percentage of value and, regardless of the methodology adopted by the [a]ssessor, the result must reflect the realistic value of the property so that the tax burden of each property is equitable" (*Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 749 [2006]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). Property valuations by a tax assessor are presumptively valid (see *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 187; *Matter of Ace Hardware Corp. v Little*, 63 AD3d 1345, 1346 [2009]). "To overcome the presumption, property owners must present substantial evidence of overvaluation

---

1. Although Columbia County is a party to this appeal, it was not a movant on the motions to dismiss the proceeding.

through proof based on sound theory and objective data" (*Matter of Abele v Dimitriadis*, 53 AD3d 969, 971 [2008] [internal quotation marks omitted], *lv denied* 12 NY3d 706 [2009]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton*, 72 AD3d 1314, 1315 [2010]; *Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d 841, 843 [2007], *lv denied* 9 NY3d 814 [2007]).

Here, petitioners failed to submit any evidence, such as "a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d at 196; *accord Matter of Corvetti v Winchell*, 51 AD3d 47, 49 [2008]; *Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 933 [2006]; *Matter of Gibson v Gleason*, 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]), showing that the method employed by the Assessor failed to achieve uniformity, was discriminatory or was otherwise improper. Rather, they merely asserted that the Assessor performed a revaluation that changed the assessments, either by increase or decrease, of approximately 90% of all real property located in the City as compared to the 2009 assessment roll.[2] The affidavits submitted in support of the petition, which set forth certain examples of increased assessments, fell woefully short of demonstrating any infirmity in the formula used by the Assessor in assessing the properties. Having failed to submit any evidence to overcome the presumption that the assessments were valid, the petition was properly dismissed (*see Matter of Abele v Dimitriadis*, 53 AD3d at 971). Moreover, given petitioners' failure in this regard, Supreme Court correctly concluded that they had not established a likelihood of success on the merits and, therefore, properly denied their motion for a preliminary injunction (*see Doe v Axelrod*, 73 NY2d 748, 751 [1988]).

Finally, Supreme Court did not abuse its discretion in

---

2. It matters not whether the valuation changes effectuated by the 2010 tax roll amounted to a revaluation pursuant to RPTL 102 (12-a), as petitioners claim. Whether deemed a revaluation or assessment, petitioners must demonstrate that the properties were not assessed at a uniform percentage of value as required by RPTL 305 (2) (*see* RPTL 102 [12-a]). Contrary to petitioners' further contention, even if the Assessor did perform a revaluation, there is no requirement that he physically reinspect all of the properties in the municipality (*see Parisi v Town of Southampton, N.Y.*, 54 AD3d 320, 321 [2008], *lv denied* 13 NY3d 704 [2009]). It is undisputed that the Assessor performed a desk audit review in preparing the 2010 roll, which would constitute the "systematic review" contained in the definition of "revaluation" set forth in RPTL 102 (12-a) (*see id.*).

disregarding petitioners' surreply, which was submitted without permission from the court and contained new factual information (*see* CPLR 2214; *O'Connor v Syracuse Univ.*, 66 AD3d 1187, 1190 [2009], *lv denied* 14 NY3d 766 [2010]; *Matter of Kushaqua Estates v Bonded Concrete*, 215 AD2d 993, 994 [1995]). Petitioners' remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.

Mercure, A.P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.