Matter of Channin v Minoia (2023 NY Slip Op 05571)

Matter of Channin v Minoia

2023 NY Slip Op 05571

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

CV-23-0299
[*1]In the Matter of David S. Channin, Appellant,
v
Mark A. Minoia et al., Respondents.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

David S. Channin, Vestal, appellant pro se.
Law Office of David S. Berger, Vestal (David S. Berger of counsel), for respondents.

Lynch, J.
Appeal from a judgment of the Supreme Court (Oliver N. Blaise III, J.), entered February 8, 2023 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to reduce the 2022 tax assessment on certain real property owned by petitioner.
Petitioner and his wife own residential property in the Town of Vestal, Broome County, which they purchased in 2012 for $270,000. In 2013, the property was assessed at $276,000 utilizing a 100% equalization rate.[FN1] The property was reassessed in 2021 at $303,800 and petitioner filed a grievance challenging the assessment, submitting a May 2019 appraisal report valuing the property at $295,000. After respondent Board of Assessment Review of the Town (hereinafter BAR; see RPTL 523 [1] [a]) denied petitioner's grievance on June 8, 2021, petitioner sought relief through the Small Claims Assessment Review process (hereinafter SCAR; see RPTL 730 [1]). On September 21, 2021, a Hearing Officer upheld the denial of petitioner's 2021 grievance.
In May 2022, petitioner received an assessment notification from the Town explaining that his property was being reassessed at $349,400 for the current taxable year. Petitioner challenged this assessment, highlighting that it was approximately 13% higher than the assessment of 2021 and seeking a reduction to the 2021 valuation. In support, petitioner submitted, among other things, a self-generated list of comparable sales data, which he obtained from Zillow.com, pertaining to "all homes sold within [four] miles of the subject property . . . from July 1, 2021 to July 1, 2022." From this data, petitioner extrapolated that the average price per square foot in the vicinity of his property was $115 during the relevant time frame, which "would yield an assessed value of $292,560" for his 2,544 square-foot property.
Petitioner's 2022 grievance was ultimately denied by BAR and that determination was upheld during the SCAR review process, with a Hearing Officer finding that petitioner failed to satisfy his initial burden of demonstrating that the full market value of his property was less than the 2022 value assessed by the Town. In that regard, the Hearing Officer took issue with the Zillow.com data relied upon by petitioner, concluding that it did "not indicate that the [alleged comparable properties] [we]re of similar age, style, land size, condition, etc." as the subject property. Accordingly, the Hearing Officer effectively concluded that petitioner did not rebut the presumption of validity that attached to the 2022 assessment of his property.
Petitioner commenced this CPLR article 78 proceeding challenging that determination and seeking various relief. Following joinder of issue, Supreme Court dismissed the petition, concluding that the Hearing Officer correctly found that petitioner failed to rebut the presumption of validity because the Zillow.com data petitioner relied upon in support of his 2022 grievance did not include "pertinent information [*2]to make an informed comparison with petitioner's property." As such, the court determined that the Hearing Officer was not required to address the sufficiency of the Town's proof in opposition. Petitioner appeals.
"[A] rebuttable presumption of validity attaches to the valuation of property made by the taxing authority' " (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174 [2014], quoting Matter of Roth v City of Syracuse, 21 NY3d 411, 417 [2013]; see Matter of Foxcroft Vil., LLC v Town Assessor of the Town of Fallsburg, 176 AD3d 1527, 1527 [3d Dept 2019]). "Consequently, a taxpayer challenging the accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 174-175). In this context, "the substantial evidence standard requires the taxpayer to 'demonstrate the existence of a valid and credible dispute regarding valuation' " (id., quoting Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]). "If the taxpayer satisfies this threshold burden, the presumption disappears and the court 'must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued' " (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 175, quoting Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188). If, however, the "taxpayer fails to rebut the presumption, the municipality's assessor has no obligation to go 'forward with proof of the correctness of [its] valuation,' and the petition is to be dismissed" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 175, quoting Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 187). "When the [j]udicial Hearing Officer's determinations are contested, the court is limited to ascertaining whether those determinations have a rational basis" (Matter of Lauer v Board of Assessors, 51 AD3d 926, 927 [2d Dept 2008]; see Matter of Gershon v Nassau County Assessment Review Commn., 29 AD3d 909, 909 [2d Dept 2006]).
Petitioner argues that the presumption of validity was rebutted by the comparable sales information he submitted with his 2022 grievance, and by the Town's lower assessment of his property in 2021. We disagree. Although the "substantial evidence standard is not a heavy one" (George A. Donaldson & Sons, Inc. v Assessor of the Town of Santa Clara, 135 AD3d 1138, 1140 [3d Dept 2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 906 [2016]), the evidence relied upon must be "credible and competent" (Matter of FMC Corp. [Peroxygen Chems. Dev.] v Unmack, 92 NY2d at 191), and based upon "objective data" (George A. Donaldson & Sons Inc. v Assessor of the Town [*3]of Santa Clara, 135 AD3d at 1140).[FN2] The comparable sales data submitted with petitioner's 2022 grievance constitutes a self-generated list of information regarding nearby properties, which he obtained from Zillow.com. This self-generated and unverified list lacks the type of evidentiary value necessary to rebut the presumption (compare Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 189-190; Matter of General Elec. Co. v Assessor of Town of Rotterdam 54 AD3d 469 [3d Dept 2008], lv denied 11 NY3d 711 [2008]).[FN3] Nor was the presumption rebutted by the lower valuation of petitioner's property assessed by the Town in 2021. The taxable status of real property must be determined annually as of the first day of March, with the valuation determined as of the preceding first day of July (see RPTL 301; 302 [2]; see also RPTL art 5, title 1). In other words, the valuation of a property does not remain static but must be reassessed each year. As petitioner did not rebut the presumption of validity attendant the 2022 assessment, Supreme Court was not obligated to weigh the entire record and properly dismissed the petition. Petitioner's remaining process arguments have been considered and found lacking in merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The Town adopted a 100% equalization rate in 2009 (see Broome County 2022 Equalization Rates, available at https://www.gobroomecounty.com/realprop/eqrates; see generally RPTL 305 [2]).

Footnote 2: This standard is usually satisfied by a professional appraisal report (see Matter of Eckerd Corp. v Semon, 35 AD3d 931, 933 [3d Dept 2006]). Petitioner clarified during oral argument before this Court that he did not submit the May 2019 appraisal report in support of his 2022 grievance. Even if he had, an appraisal report from three years prior does not rebut the presumption of validity (see Matter of Abele v Dimitriadis, 53 AD3d 969, 971 [3d Dept 2008], lv denied 12 NY3d 706 [2009]).

Footnote 3: We note that respondents expressly challenged the accuracy of such data in their submissions during the SCAR review.