Matter of Cuba Lake Comm. for Fair Assessments v Town of Cuba (2026 NY Slip Op 00753)

Matter of Cuba Lake Comm. for Fair Assessments v Town of Cuba

2026 NY Slip Op 00753

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

1001 CA 25-00079

[*1]IN THE MATTER OF CUBA LAKE COMMITTEE FOR FAIR ASSESSMENTS, HARRY W. KEELEY, AND HARRY W. AND CYNTHIA L. KEELEY JOINT REVOCABLE TRUST, PETITIONERS-PLAINTIFFS-RESPONDENTS,
vTOWN OF CUBA, ASSESSOR OF THE TOWN OF CUBA, RYAN REED, IN HIS OFFICIAL CAPACITY AS (FORMER) ASSESSOR OF TOWN OF CUBA, RUSS HELSIN, IN HIS OFFICIAL CAPACITY AS ASSESSOR OF TOWN OF CUBA, TOWN OF CUBA BOARD OF ASSESSMENT REVIEW, VILLAGE OF CUBA, CUBA-RUSHFORD CENTRAL SCHOOL DISTRICT AND COUNTY OF ALLEGANY, RESPONDENTS-DEFENDANTS-APPELLANTS. 

BENGART & DEMARCO, LLP, TONAWANDA (JAMES C. DEMARCO, III, OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
MONACO COOPER LAMME & CARR, PLLC, ALBANY (NORAH M. MURPHY OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Terrence M. Parker, A.J.), entered July 16, 2024, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, insofar as appealed from, declared the 2023 Town of Cuba tax assessment roll null and void and reinstated the 2022 tax assessment roll. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the petition-complaint is denied in its entirety, and judgment is granted in favor of respondents-defendants as follows:
It is ADJUDGED and DECLARED that the 2023 tax assessment roll is valid.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul and declare unenforceable the 2023 tax assessment roll of respondent-defendant Town of Cuba (Town) on various grounds, including that the methodology used in determining the 2023 tax assessment roll was arbitrary or capricious and unconstitutional. Respondents-defendants (respondents) filed an answer seeking dismissal of the petition-complaint (petition). Respondents now appeal from a judgment that effectively granted the petition insofar as it sought a declaration that the 2023 final tax assessment roll is null and void and reinstatement of the 2022 final tax assessment roll until such time as the Town performs a new reassessment. We reverse the judgment insofar as appealed from.
We agree with respondents that, contrary to petitioners' assertion, Supreme Court erred in determining that petitioners overcame the presumption of validity attached to the property valuation and that the methodology used was arbitrary and capricious. "The cardinal principle of property valuation for tax purposes, set forth in the State Constitution, is that property '[a]ssessments shall in no case exceed full value' " (Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon, 88 NY2d 724, 729 [1996], quoting NY Const, art XVI, § 2). "The concept of 'full value' is typically equated with market value, or what 'a seller under no [*2]compulsion to sell and a buyer under no compulsion to buy' would agree to as the subject property's price" (id.). "In view of this market-oriented definition of full value, the assessment of property value for tax purposes must take into account any factor affecting a property's marketability" (id.). Nonetheless, "while property must be assessed at market value, there is no fixed method for determining that value" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992], rearg denied 81 NY2d 784 [1993]). "The ultimate purpose of valuation . . . is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc. Any fair and nondiscriminating method that will achieve that result is acceptable" (id.; see Commerce Holding Corp., 88 NY2d at 731).
Where, as here, " 'the challenge is based upon the method employed in the assessment of several properties rather than the overvaluation or undervaluation of [a] specific propert[y], a taxpayer may . . . mount a collateral attack on the taxing authority's action through either a declaratory judgment action or a proceeding pursuant to CPLR article 78' " (Matter of Cayuga Grandview Beach Coop. Corp. v Town Bd. of Town of Springport, 51 AD3d 1364, 1364 [4th Dept 2008], lv denied 11 NY3d 702 [2008] [emphasis omitted]; see Matter of Estrellita LLC v Town Bd. of Town of Alexandria, 60 AD3d 1363, 1363 [4th Dept 2009]). "An assessor's property valuation resulting in a local tax assessment is presumptively valid" (Matter of Abele v Dimitriadis, 53 AD3d 969, 971 [3d Dept 2008], lv denied 12 NY3d 706 [2009]; see Matter of Scarsdale Comm. for Fair Assessments v Albanese, 202 AD3d 966, 969 [2d Dept 2022]; Matter of Hudson Prop. Owners' Coalition, Inc. v Slocum, 92 AD3d 1198, 1199 [3d Dept 2012]; see generally Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [1998]). "To overcome the presumption, property owners must present substantial evidence of overvaluation through proof based on sound theory and objective data" (Abele, 53 AD3d at 971 [internal quotation marks omitted]; see Scarsdale Comm. for Fair Assessments, 202 AD3d at 969; Hudson Prop. Owners' Coalition, Inc., 92 AD3d at 1199-1200). When property owners "fail[ ] to rebut the presumption, the municipality's assessor has no obligation to go 'forward with proof of the correctness of [its] valuation,' and the petition is to be dismissed" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175 [2014]).
Here, petitioners "failed to submit any evidence, such as 'a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser' . . . , showing that the method employed . . . failed to achieve uniformity, was discriminatory or was otherwise improper" (Hudson Prop. Owners' Coalition, Inc., 92 AD3d at 1200). Petitioners instead merely asserted that the professional real estate appraisal and consulting firm hired by the Town to perform the reassessment had used a flawed methodology and, in support of that assertion, primarily relied upon "land assessment analysis" reports prepared by a non-expert property owner, petitioner-plaintiff Harry W. Keeley, who claimed, with minimal explanation of his method, that his analyses showed anomalies in the Town's assessment (see id.). We agree with respondents that these "self-generated and unverified [analyses] lack[ ] the type of evidentiary value necessary to rebut the presumption" (Matter of Channin v Minoia, 221 AD3d 1119, 1121 [3d Dept 2023]). We conclude that petitioners' submissions in support of the petition "fell woefully short of demonstrating any infirmity in the formula used by the [firm] in assessing the properties" (Hudson Prop. Owners' Coalition, Inc., 92 AD3d at 1200).
Moreover, we agree with respondents that, contrary to the court's conclusion, the record establishes that the firm rationally employed a market value method of valuation that included a comparative property analysis of residential sales and necessarily took into account the affect on marketability of those properties located on leased land (see generally RPTL 302 [1]; Commerce Holding Corp., 88 NY2d at 729). We conclude that, "[a]lthough petitioners take issue with how [the firm] arrived at [its] calculations, . . . their conclusory [and unsubstantiated] assertion that the methodology used was arbitrary was insufficient to defeat the presumption that the assessment was valid" (Matter of Eanniello v Morris, 234 AD2d 642, 643 [3d Dept 1996]).
Finally, we conclude that petitioners failed to establish that the other violations of law they have alleged would warrant invalidation of the entire 2023 assessment roll (see generally Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, 13-14 [1975]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court